**Matter of the Petition of Austin T. JUDGE for Writ of Habeas Corpus.**
**No. 20796.**

United States District Court
S. D. California, Central Division.
Dec. 28, 1956.

Frank A. Lowry, Long Beach, Cal., for petitioner.

Laughlin E. Waters, U. S. Atty., Max F. Deutz, Asst. U. S. Atty., Chief of Civil Division, Jordan A. Dreifus, Asst. U. S. Atty., Los Angeles, Cal., for respondent.

WESTOVER, District Judge.

Austin T. Judge filed in this court a petition for writ of habeas corpus, alleging that he was being unlawfully held by the United States Air Force at the Guard House, Long Beach Air Force Base, Long Beach Municipal Airport, Long Beach, California. The Court, in lieu of granting the writ, issued an order to show cause why the writ should not be granted, and the matter came on for hearing before the Court.

The evidence presented upon hearing of the order to show cause establishes that petitioner enlisted in the United States Air Force on the 27th day of July, 1955. He contends now that the enlistment is void as he was insane at that time. Petitioner relies upon 10 U.S.C. § 622 which provides, in part, as follows:

"No insane * * * person, * * * shall be enlisted or mustered into the military service."

and upon the Air Force Manual, Chapter 3, Section A, 20304 (AFM 110-3) which, in part, provides:

"* * * An insane person cannot enlist, * * *."

Petitioner presented to the Court a certified copy of an Order Appointing Guardian, made by the Superior Court of the State of California, in and for the County of San Francisco, on the 23d day of July, 1954, which Order is in part as follows:

"That Austin T. Judge is a resident of the City and County of

San Francisco, State of California; that on or about the 15th day of July, 1953 and again on July 14, 1954, said Austin T. Judge was adjudged an incompetent person and ordered committed to Mendocino State Hospital, Talmage, California;

\* \* \* \* \* \*

"That said incompetent person is incapable of taking care of himself or of managing his property, and by reason thereof is likely to be deceived and imposed upon by artful and designing persons; that it is necessary that a guardian of his person and estate be appointed.

\* \* \* \* \* \*

"It is therefore ordered, adjudged and decreed that said Austin T. Judge is incompetent and incapable of taking care of himself or managing his property, and that Teresa Ahearn and Lolita J. Wood be and they are hereby appointed guardians of the person and estate of Austin T. Judge, \* \* \*."

There was also presented by petitioner to the Court an Order of the Superior Court of the State of California, in and for the County of San Francisco, dated October 10, 1956, restoring Austin T. Judge to capacity, which Order reads in part as follows:

"That Austin T. Judge has for some time demonstrated that he is rehabilitated and capable of taking care of himself and of managing his property and that he is in all respects sane and competent and that it is no longer necessary that the guardianship proceeding be continued.

"It is therefore ordered, adjudged and decreed that Austin T. Judge be and he is hereby judicially restored to capacity and that the guardianship of his person and estate be and the same is hereby terminated."

The following dates are important in this proceeding:

1. July 23, 1954— Order determining petitioner incompetent and unable to take care of himself or manage his property.
2. July 27, 1955— Enlistment of petitioner in the United States Air Force.
3. October 10, 1956—Order restoring petitioner to capacity.

Petitioner contends there is a presumption that all persons are sane. He also contends that after an adjudication of insanity or incompetency there is a presumption that the condition continues until it is shown not to exist; that inasmuch as he was adjudged insane or incompetent on July 23, 1954, there is a presumption that he was insane or incompetent until October 10, 1956; that as a consequence when he enlisted in the armed services on July 27, 1955, he was an insane person and, therefore, his enlistment was void.

The federal government has power to raise armed forces for the national defense. Arver v. United States, 245 U.S. 366, 38 S.Ct. 159, 62 L.Ed. 349. And Congress has a like power to provide for enlistment of persons in the armed forces. In re Grimley, 137 U.S. 147, 11 S.Ct. 54, 34 L.Ed. 636; In re Morrissey, 137 U.S. 157, 11 S.Ct. 57, 34 L.Ed. 644. Congress has the right to determine that no insane person may be enlisted in the armed forces. Arver v. United States, supra. Congress did not, however, attempt to define "insanity" or "insane person." "Insanity" is a term having many different meanings which may vary from State to State and in different phases of the law. California takes the view that a person who is incompetent and incapable of taking care of himself and managing his property is mentally unsound. Section 1435.2 of the California Probate Code provides:

"As used in this chapter the word incompetent shall be construed to include insanity as well as incompetency arising by reason of old age, disease, weakness of mind, or other cause rendering a person unable, unassisted, properly to manage and take care of himself or his property, and by reason thereof likely to be

deceived or imposed upon by artful or designing persons."

The United States Code, Title 18, § 4244, states that where a person is accused of an offense against the United States, he may be found insane or mentally incompetent if he does not understand the proceedings against him or cannot properly assist in his own defense.

To many persons insanity means derangement, or it may mean lack of capacity to understand. To others an insane person is one who, without provocation, is prone to commit assault upon others whereby he becomes dangerous to the community. A common understanding of insanity, however, is the lack of ability to determine right from wrong. Brewer v. Hunter, 10 Cir., 163 F.2d 341.

■ Congress, in its use of the words "insane person", did not intend to employ a term which would vary in definition from State to State. The term "insane" as used by Congress was meant to apply uniformly in all States and under all conditions.

■ The question presented to this Court in these proceedings is whether petitioner was insane on the date of his enlistment, to-wit: July 27, 1955. He may have been insane prior thereto but sane on that date. Petitioner would have us hold that inasmuch as he was adjudicated an incompetent on July 23, 1954, the presumption of insanity followed until October 10, 1956, the date on which the court ordered him restored to capacity; that as a consequence there is a presumption he was insane at the time of enlistment. This, however, is a disputable presumption, and it is for the Court to determine whether the presumption of insanity (if such presumption exists) has been outweighed by other evidence.

The order authorizing restoration to capacity, dated October 10, 1956, states that "Austin T. Judge has for some time demonstrated * * * that he is in all respects sane and competent * * *." When did Austin T. Judge become sane and competent? Certainly it was not on the 10th day of October, 1956, when the order was signed. It must have been some time prior to that date, as the order recites " * * * has for some time demonstrated * * *." Was it prior to the 27th day of July, 1955, his enlistment date? There is no evidence before the Court to indicate on what date, nor on approximately what date, petitioner became competent.

■ The evidence before the Court discloses that for over seventeen months petitioner served his enlistment. He was assigned and reassigned to various places and units of the organization; that he underwent a complete basic and technical training and performed the duties for which he was trained; that he was promoted and at all times was paid and accepted the pay, allowances, benefits and emoluments to which he was entitled by virtue of his enlistment. Also the evidence discloses that at the time of enlistment petitioner was given a thorough physical examination, and that at no time did he indicate by word, action or otherwise, that he was insane or incompetent. In fact, the Air Force learned of his claim of incompetency only a few weeks prior to the filing of the petition for writ of habeas corpus.

At the hearing before this Court the only witness testifying as to the conduct of petitioner stated that he at no time saw any indication of abnormality in petitioner's conduct. In a proceeding such as this the burden is upon petitioner to establish that as of the date of his enlistment he was insane. We hold petitioner has not sustained this burden of proof, and as a consequence the petition for the writ is denied.