# PANICO *v.* UNITED STATES.

No. 45.   Decided October 21, 1963.

*Jerome Lewis* for petitioner.

*Solicitor General Cox, Assistant Attorney General Miller, Beatrice Rosenberg* and *Kirby W. Patterson* for the United States.

PER CURIAM.

The petition for a writ of certiorari is granted.

The petitioner was one of numerous defendants in a lengthy criminal trial in the United States District Court for the Southern District of New York.   He was found guilty, but his conviction was reversed on appeal.   319 F. 2d 916.   For his conduct during the trial the petitioner was found guilty of criminal contempt in a summary proceeding conducted by the trial judge under Rule 42 (a) of the Federal Rules of Criminal Procedure after the trial had ended.[1]   This contempt conviction was affirmed on appeal, one judge dissenting.   308 F. 2d 125.

---

[1] "Rule 42.   Criminal Contempt.

"(a) Summary Disposition.   A criminal contempt may be punished summarily if the judge certifies that he saw or heard the conduct constituting the contempt and that it was committed in the actual presence of the court.   The order of contempt shall recite the facts and shall be signed by the judge and entered of record."

If the petitioner was legally responsible for his conduct during the trial, there can be no doubt that his conduct was contumacious. It is contended, however, that at the time of the conduct in question the petitioner was suffering from a mental illness which made him incapable of forming the criminal intent requisite for a finding of guilt. No separate hearing was had upon this issue in the contempt proceeding, although during the course of the previous criminal trial, the judge had heard conflicting expert testimony upon the different question of the petitioner's mental capacity to stand trial. Shortly after the contempt conviction, the petitioner was found by state-appointed psychiatrists to be suffering from schizophrenia and committed to a state mental hospital. Cf. *Bush* v. *Texas*, 372 U. S. 586.

In the light of these circumstances, we hold that the fair administration of federal criminal justice requires a plenary hearing under Rule 42 (b) of the Federal Rules of Criminal Procedure to determine the question of the petitioner's criminal responsibility for his conduct.[2] Ac-

---

[2] "Rule 42. Criminal Contempt.

. . . . .

"(b) Disposition Upon Notice and Hearing. A criminal contempt except as provided in subdivision (a) of this rule shall be prosecuted on notice. The notice shall state the time and place of hearing, allowing a reasonable time for the preparation of the defense, and shall state the essential facts constituting the criminal contempt charged and describe it as such. The notice shall be given orally by the judge in open court in the presence of the defendant or, on application of the United States attorney or of an attorney appointed by the court for that purpose, by an order to show cause or an order of arrest. The defendant is entitled to a trial by jury in any case in which an act of Congress so provides. He is entitled to admission to bail as provided in these rules. If the contempt charged involves disrespect to or criticism of a judge, that judge is disqualified from presiding at the trial or hearing except with the defendant's consent. Upon a verdict or finding of guilt the court shall enter an order fixing the punishment."

cordingly, the judgment of the Court of Appeals is vacated, and the case is remanded to the District Court.

*It is so ordered.*

Mr. Justice Clark and Mr. Justice Harlan would affirm the judgment below substantially for the reasons given by Judge Smith in his opinion for the Court of Appeals. *United States* v. *Panico,* 308 F. 2d 125.