Cecil Marvin **HURT**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 17312.

United States Court of Appeals Eighth Circuit.

Feb. 27, 1964.

Lyle Huseby, Fargo, N. D., made argument for appellant and filed typewritten brief.

Gordon Thompson, Asst. U. S. Atty., Fargo, N. D., made argument for appellee and filed typewritten brief with John O. Garaas, U. S. Atty., Fargo, N. D.

Before VOGEL, BLACKMUN and RIDGE, Circuit Judges.

RIDGE, Circuit Judge.

The singular issue for determination in this appeal is whether the District Court erred in refusing to admit into evidence a previous adjudication of appellant's mental incompetency, offered for the purpose of raising an issue as to his mental competency to commit the offenses (§§ 2314 and 1341, Title 18 U.S.C.A.) for which he was on trial. The error so claimed was duly preserved for review by the Court. After verdict of guilty and sentence, the District Court denied appellant leave to appeal *in forma pauperis*. We granted such leave.

The following facts appear in the record of this case.—After apprehension on warrant of arrest and before arraignment on the charges made against appellant, the United States District Attorney, on June 15, 1962, filed in the District Court a "motion for judicial determination of defendant's (appellant's) mental competency." In that motion it was alleged:

"Movant has reasonable cause to believe that the defendant * * * may be presently insane, or otherwise so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense, which belief is based upon the records of proceedings had in the District Court of the United States for the Southern District of Texas, Houston, Texas, on or about May 12, 1955, in the case of

United States of America versus Cecil Marvin Hurt, copies of which are attached and made a part hereof, from which it appears that this defendant *has a history of mental incompetency; was adjudicated incompetent* (in the above Court); and there has been to Movant's knowledge, *no subsequent determination* or adjudication of his competency." (Emp. & par. added.)

After hearing on that motion, appellant's trial court made a specific finding that he "may be presently so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense," and committed appellant to the Medical Center for Federal Prisoners, at Springfield, Missouri, as provided in Section 4244, Title 18 U.S.C.A., for a "period of ninety (90) days" to be examined as to his then mental condition and for report thereon to be made to the court in writing.

Appellant was accordingly committed to that federal institution. In due course, a report in writing, dated September 12, 1962, of neuropsychiatric examinations made of appellant was lodged with the District Court, manifesting the opinion of the Psychiatric Staff of the Medical Center, that appellant "could be said to be able to understand the nature of the charges" pending against him and "to rationally assist counsel in his defense" as of that date; and it was requested by the Warden of the Medical Center "that such report be admitted into evidence at the hearing in lieu of actual testimony by our examiners." No hearing as to appellant's competency to stand trial was ever held by the District Court after his return thereto and before he was arraigned and put to trial on the three-count indictment returned against him.

The issue of appellant's mental incompetency at the time of commission of the offense with which he was charged was raised during his trial, as follows: * * Appellant did not testify as a witness. However, prior to resting his defense appellant's counsel offered in evidence as an exhibit an authenticated copy of the adjudication by the United States District Court for the Southern District of Texas, supra, to raise a "presumption of mental incompetency once established" and "overcome the presumption of sanity" and "shift the burden of proof on the Government to prove" that appellant was mentally competent to commit the offense with which he was charged. By that previous adjudication it appeared that as of June 8, 1955, appellant's mental incompetency had been judicially determined to be "permanent in nature"; that he was "of unsound mind, * * * unable to distinguish right from wrong, and unable properly to assist in his own defense to the charges (then) pending against him (in the District Court for the Southern District of Texas) or intelligently to cooperate with his counsel"; and that "small hope was entertained for a complete restoration to sanity * *." After that exhibit was offered in evidence the District Court heard arguments of counsel *in camera*. Thereafter, it sustained the Government's objection to the admission in evidence of such previous adjudication, by ruling it was inadmissible and insufficient to raise any issue of appellant's mental incompetency at the time of the commission of the offense for which he was then on trial. In so doing, appellant's trial court ruled:

"* * * in order that there may be no misunderstanding * * *, I now hold that based upon the findings of the psychiatrist at the Medical Center for Federal Prisoners filed with this Court on September 13th, 1962, I find * * * him (appellant) competent to stand trial, be able to properly assist in his own defense; *and I find further that at the time of the alleged commission of these offenses, that the Defendant* (appellant) Cecil Marvin Hurt, *was competent*."

Hence, appellant's counsel was foreclosed from raising before the jury the issue of appellant's mental incompetency to

·commit the offense for which he was then ·on trial, and the Government did not ·undertake to adduce any evidence at appellant's trial as to his mental competency to commit the offense of which he was found guilty.

■ The manifest error in that situation is established by Davis v. United States, 160 U.S. 469, 16 S.Ct. 353, 40 L.Ed. 499 (1895), where it is ruled that whenever evidence appears in the trial of a criminal case, from whatever source, tending to establish insanity or mental incompetency of the accused to commit the offense charged, the burden of proof is on the Government to prove sanity, or mental competency to commit the offense, "beyond a reasonable doubt," as well as "the existence of every fact necessary to constitute the crime charged." (160 U.S., l. c. 493, 16 S.Ct. at page 360, 40 L.Ed. 499.) See also, Davis v. United States, 165 U.S. 373, 377–378, 17 S.Ct. 360, 41 L.Ed. 750 (1897). It is the invariable rule in:

"all federal courts, (that) an accused 'is entitled to an acquittal of the specific crime charged if upon all the evidence there is reasonable doubt whether he was capable in law of committing crime.' (citing cases) Consequently, the trial judge or jury must reach a judgment or verdict of not guilty by reason of insanity even if the evidence as to mental responsibility at the time the offense was committed raises no more than a reasonable doubt of sanity." Lynch v. Overholser, 369 U.S. 705, 713, 82 S.Ct. 1063, 1068–1069, 8 L.Ed.2d 211 (1962).

See also, Dusky v. United States, 295 F.2d 743, 754 (8 Cir. 1961).

■ That a prior adjudication of mental incompetency gives rise to a rebuttable presumption of continued incompetency is established by Ashley v. Pescor, 147 F.2d 318 (8 Cir. 1945); Byrd v. Pescor, 163 F.2d 775 (8 Cir. 1947); Gunther v. United States, 94 U.S.App. D.C. 243, 215 F.2d 493 (1954); Kitchens v. United States, 272 F.2d 757 (10 Cir.

1959); In Re Judge's Petition (D.C. S.D.Cal.) 148 F.Supp. 80 (1956); and Robinson v. Johnston (D.C.S.D.Cal.) 50 F.Supp. 774 (1943). Because such an adjudication was not considered to be of that legal effect in Frame v. Hudspeth (10 Cir. 1939), 109 F.2d 356, reversal by memorandum followed, Frame v. Hudspeth, 309 U.S. 632, 60 S.Ct. 712, 84 L.Ed. 989 (1940). See also, Panico v. United States, 375 U.S. 29, 84 S.Ct. 19, 11 L.Ed. 2d 1 (1963). Such rebuttable presumption is a rule of evidence which has the effect of overcoming the legal presumption of sanity and mental capacity to commit the crime charged. Dusky v. United States, supra. Cf. United States v. Currens, 290 F.2d 751 (3 Cir. 1961); Kitchens v. United States, supra; Fitts v. United States, 284 F.2d 108 (10 Cir. 1960). Introduction of evidence of insanity, though disbelieved by a trial judge, places the burden on the Government of proving sanity beyond a reasonable doubt. Beltran v. United States, 302 F.2d 48 (1st Cir. 1962). Only slight evidence of insanity at the time of commission of an offense is required to raise that issue for submission to the jury. Howard v. United States, 232 F.2d 274 (5 Cir. 1956); Clark v. United States, 104 U.S.App.D.C. 27, 259 F.2d 184 (1958). That such is an issue for the jury and not for the court to decide is affirmed in McIntosh v. United States, 176 F.2d 514 (8 Cir. 1949).

■ A determination of mental competency to stand trial is sui generis. It is not the same legal issue as competency to commit a criminal offense, occurring two years and three months prior to a trial. Winn v. United States, 106 U.S.App.D.C. 133, 270 F.2d 326 (D.C. Cir. 1959); Swisher v. United States, 326 F.2d 97 (8 Cir. 1964). The District Court's determination of the issue of appellant's mental competency to commit the offense for which he was then on trial constituted plain error. A finding by a trial judge that a defendant is mentally competent to stand trial "shall in no way prejudice the accused in a plea of insanity as a defense to the crime charged,"

is the mandate of § 4244, Title 18 U.S. C.A.

Lyle Huseby, Esquire, of the North Dakota bar, was appointed by this Court to represent appellant in this appeal. We take special note of his acceptance of such appointment and our indebtedness to him for his representation of appellant in aid of our review of this indigent party's appeal.

Reversed and remanded.