**UNITED STATES of America ex rel. Sam DE STEFANO, Petitioner-Appellant,**

**v.**

**Joseph I. WOODS, Sheriff of Cook County, Illinois, Respondent-Appellee.**

**No. 16070.**

United States Court of Appeals Seventh Circuit.

July 6, 1967.

Rehearing Denied Aug. 3, 1967.

Anna R. Lavin, Chicago, Ill., for appellant.

John J. Stamos, First Asst. State's Atty., Thomas A. Hett, Asst. State's Atty., Chicago, Ill., for appellee, Elmer C. Kissane, Asst. State's Atty., of counsel.

Before SCHNACKENBERG, KILEY and SWYGERT, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Sam De Stefano, petitioner, appeals from an order of the district court entered January 31, 1967, dismissing his petition for a writ of habeas corpus, as amended, against Joseph I. Woods, Sheriff of Cook County, Illinois, respondent. The case was disposed of by the court on the pleadings.

Petitioner was placed in the custody of respondent pursuant to a final order of

---

the Appellate Court of Illinois, First District, People v. De Stefano, 64 Ill. App.2d 368, 212 N.E.2d 368 (1965), cert. denied 385 U.S. 989, 87 S.Ct. 594, 17 L. Ed.2d 450. In three orders defendant had been found guilty of direct criminal contempts of court under the laws of Illinois for his conduct in open court during the trial of a criminal case against him,[1] in the Criminal Division of the Circuit Court of Cook County, Illinois.

As revealed by the opinion of the Appellate Court, the conduct of defendant was appraised by that court, at 387–388, 212 N.E.2d at 379:

"We find the instant contempt orders recite flagrant misconduct, disrespect and open defiance of the court's authority, continued in the face of repeated warnings and findings of contempt during the trial. These contempts clearly embarrassed the court, disrupted and defeated the prompt and fair administration of justice. No court should permit such gross, deliberate and blatant disrespect for the court to go unpunished, whether by a lawyer or by a layman acting pro se in his own defense. Our courts could not long endure under such circumstances. * * *"

For his acts of contempt of court, defendant was sentenced to three concurrent one-year sentences in the county jail and, in addition, to one of the sentences a $2,000 fine was added. This punishment was imposed at the close of the jury trial.

■ 1. In this court petitioner's counsel attacks on federal constitutional grounds the sentences imposed for contempt.

The attack upon these sentences is based upon the contention that their imposition violated the federal constitution, citing article III § 2, that "The Trial of all Crimes * * * shall be by Jury; * * *", as well as the sixth amendment to the constitution. Reli-

ance is also placed on Cheff v. Schnackenberg, 384 U.S. 373, 86 S.Ct. 1523, 16 L.Ed.2d 629 (1966).

Respondent's counsel point out, however, that nothing said in *Cheff* indicates an intent to repudiate Green v. United States, 356 U.S. 165, 78 S.Ct. 632, 2 L.Ed.2d 672 (1958). In *Green,* at 183, 78 S.Ct. at 642, the court considered petitioner's constitutional arguments in that case, saying:

"* * * The claim is that proceedings for criminal contempts, if contempts are subject to prison terms of more than one year, must be based on grand jury indictments under the clause of the Fifth Amendment providing: 'No person shall be held to answer for a capital, or otherwise *infamous crime,* unless on a presentment or indictment of a Grand Jury * * *.' (Italics added.) Since an 'infamous crime' within the meaning of the Amendment is one punishable by imprisonment in a penitentiary, Mackin v. United States, 117 U.S. 348 [6 S.Ct. 777, 29 L.Ed. 909], and since imprisonment in a penitentiary can be imposed only if a crime is subject to imprisonment exceeding one year, 18 U.S.C. § 4083, petitioners assert that criminal contempts if subject to such punishment are infamous crimes under the Amendment.

"But this assertion cannot be considered in isolation from the general status of contempts under the Constitution, whether subject to 'infamous' punishment or not. The statements of this Court in a long and unbroken line of decisions involving contempts ranging from misbehavior in court to disobedience of court orders establish beyond peradventure that *criminal contempts are not subject to jury trial as a matter of constitutional right.* * * * [Italics supplied]."

*Green* was expressly followed in United States v. Barnett, 376 U.S. 681, at 692,

---

1. The trial resulted in De Stefano being found guilty by jury verdict of "illegally offering to vote in manner and form as charged in the indictment" and he was sentenced to the penitentiary for a term of 1 to 3 years.

84 S.Ct. 984, 990, 12 L.Ed.2d 23 (1964), where the court said:

"Finally, it is urged that those charged with criminal contempt have a constitutional right to a jury trial. This claim has been made and rejected here again and again. Only six years ago we held a full review of the issue in Green v. United States, * * *. It has always been the law of the land, *both state and federal,* that the courts—except where specifically precluded by statute—have the power to proceed summarily in contempt matters. * * * [Italics supplied]."

While we believe that the United States Supreme Court has made it clear that the federal constitution does not require a jury trial in a criminal contempt case, which is what is involved in the case at bar, counsel for petitioner here contends that *Cheff* has insured the right to a trial by jury under the federal constitution, even in a state court, when the sentence exceeds six months. We disagree. As we interpret *Cheff*, the court was there announcing a rule of procedure for federal courts. It was not considering any state court proceeding. Obviously the state court proceeding here involved is subject to the control of the state of Illinois and not to the federal court as to the procedure pursued in punishing for criminal contempts such as here involved.

■ 2. Furthermore, the record shows that, as a result of petitioner's repeated acts of misconduct in open court in utter disregard of the proper administration of the court's business, the court imposed three one-year sentences, but with indulgence provided that they should be served concurrently, altho it in addition imposed a fine of $2,000 as to one of the charges of contempt. These facts contradict petitioner's charge that cruel and unusual punishment was imposed upon him in violation of the eighth amendment to the constitution of the United States. In fact any less punishment would be an invitation to other such persons to vie with petitioner in more flagrant ways of showing their contempt for courts of law.

■ 3. Petitioner's counsel in this court urges as a ground for reversal that the record of the trial in the state court reflects such eratic behavior by petitioner during the trial that the trial court should have ordered a sanity hearing.

In the case at bar, the district court found "that there was not sufficiently called to the attention of the trial judge anything that would warrant a sanity hearing." We agree. In fact, we highly regard the opportunity of the trial judge to arrive at a correct appraisal of defendant, as he observed his conduct in court.

This record is quite different from that in Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966), where the evidence raised a sufficient doubt as to Robinson's competence to stand trial and, although the matter was called to the attention of the trial court by court-appointed counsel, defendant was convicted in an unduly hurried trial without a fair opportunity to obtain expert psychiatric testimony and without sufficient development of the facts on the issue of defendant's sanity when he committed the crime as well as his competence at the time of the trial.

In the case at bar the contemptuous conduct of petitioner as revealed by the record lacked any aspects of incompetence. Thus nothing was required of either the presiding judge or anyone acting on behalf of petitioner to initiate a sanity hearing.

For these reasons, the order from which this appeal was taken is affirmed.

Order affirmed.