548 F.2d 123
 14 Fair Empl.Prac.Cas. 391,
13 Empl. Prac. Dec. P 11,383
The RICHMOND BLACK POLICE OFFICERS ASSOCIATION et al., Appellees,
v.
The CITY OF RICHMOND, VIRGINIA, et al., Appellees,
v.
Theodore M. THORNTON, Appellant.
The RICHMOND BLACK POLICE OFFICERS ASSOCIATION et al., Appellees,
v.
The CITY OF RICHMOND, VIRGINIA, et al., Appellees,
v.
Jack M. FULTON, Appellant.
The RICHMOND BLACK POLICE OFFICERS ASSOCIATION et al., Appellees,
v.
The CITY OF RICHMOND, VIRGINIA et al., Appellees,
v.
James R. SAUL, Appellant.
 Nos. 76-1043-76-1045.
 United States Court of Appeals,
Fourth Circuit.
 Argued Nov. 10, 1976.
Decided Jan. 10, 1977.
 
 Bradfute W. Davenport, Jr., Richmond, Va. (John S. Davenport, III, Mays, Valentine, Davenport & Moore, Richmond, Va., on brief), for appellants.
 Conard Mattox, Richmond, Va., for appellees.
 Before CRAVEN, RUSSELL, and HALL, Circuit Judges.
 K. K. HALL, Circuit Judge.
 
 
 1
 The defendants are all officials of The City of Richmond, Virginia. Jack M. Fulton is Director of Public Safety, Theodore M. Thornton is Director of Personnel, and James R. Saul is Assistant City Attorney. All three were adjudged guilty of contempt and fined by the district judge for failure to obey a consent decree approved by the court. We reverse.
 
 
 2
 On July 3, 1975, a civil rights suit was brought pursuant to 42 U.S.C. §§ 1981, 1983, 1988, 2000e et seq., 28 U.S.C. §§ 2201 and 2202, and the First, Thirteenth, and Fourteenth Amendments to the United States Constitution, in which The Richmond Black Police Officers Association and others were plaintiffs and The City of Richmond and certain officials were defendants. The district court entered a consent decree resolving all issues among the parties. The decree required certain affirmative action on the part of the three defendants in this litigation.
 
 
 3
 Unanticipated events occurred which caused these defendants to deviate from the terms of the decree and, in response to plaintiffs' motion filed November 5, 1975, the court, on November 14, 1975, entered an order directing Fulton, two other individuals, and the city (but not defendants Thornton and Saul) to show cause on November 19, 1975, why they had "not violated" the consent decree. The three defendants appeared in their official capacities. The district court refused to accept their explanations for the failure to carry out the agreed order, found them in contempt of court, and directed that each of them pay a fine of $250, not to be reimbursed by the city. Defendants paid their fines and appealed the contempt finding.
 
 
 4
 * THE TYPE OF CONTEMPT
 
 
 5
 A threshold question presented in this case is whether the unspecified contempt citations of the appellants were for "civil" or "criminal" contempt.
 
 
 6
 The motion for an order to show cause, the show cause order, the transcript of the hearing, and the findings of fact, conclusions of law and order of the district court collectively show that the proceedings held and orders entered were clearly in the nature of criminal contempt. The proceedings were conducted so as to vindicate the authority of the court and to penalize the appellants for their asserted non-compliance with the consent decree which was previously entered. The fines that were imposed were unconditional and punitive. They had to be paid by the appellants personally and could not be paid by the city. The fines were not intended as compensation for any losses they might have sustained due to the asserted violations of the consent decree. Rather, they were paid to the United States for the alleged past misbehavior. The proceedings so held were for "criminal" contempt even though the nature of the contempt was otherwise unspecified. The contempt citations are appealable. Carbon Fuel Co. v. United Mine Workers, 517 F.2d 1348 (4th Cir. 1975); See also: United States v. Rizzo, 539 F.2d 458, 462-463 (5th Cir. 1976); Windsor Power House Coal Co. v. District 6, U.M.W., 530 F.2d 312, 316-317 (4th Cir. 1976); 3 C. Wright, Federal Practice and Procedure, Criminal, § 704 (West 1969); 9 J. Moore, Moore's Federal Practice, § 110.13(4) (2nd ed. 1975).
 
 II
 CRIMINAL CONTEMPT
 
 7
 The power of criminal contempt in the federal courts is specifically defined by various statutes, rules of procedure[1] and by judicial decisions. Accordingly, for the reasons set forth in this opinion, it is essential that a determination he made at the earliest practicable time regarding the true nature of the contempt that is allegedly involved in a case in order that the proceedings which are held thereafter are conducted in such a manner as to satisfy the appropriate rules of procedure, the requirements of the various statutes, and accord due process to the parties. More particularly, an early determination regarding the nature of the contempt involved enables the court to determine whether the requisite "notice" requirements have been satisfied, whether a trial by jury will be required, and whether, in appropriate cases, counsel must be appointed.
 
 
 8
 * "NOTICE"
 
 
 9
 We hold that the court below failed to require that the appellants receive legal and sufficient notice that the proceedings held were being conducted as "criminal contempt" proceedings, thereby violating due process.
 
 
 10
 Rule 42(b) of the Federal Rules of Criminal Procedure prescribes the precise procedure to be followed regarding the "notice" which must be given to the party or parties charged with criminal contempt that has allegedly occurred outside the presence of the court. Bloom v. Illinois, 391 U.S. 194, 205, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968); Harris v. United States, 382 U.S. 162, 167, 86 S.Ct. 352, 15 L.Ed.2d 240 (1965); United States v. Rizzo, 539 F.2d 458, 463 (5th Cir. 1976); United States v. Leyva, 513 F.2d 774, 778 (5th Cir. 1975).
 
 
 11
 In such cases,
 
 
 12
 " . . . (the) criminal contempt . . . shall be prosecuted on notice. The notice shall state the time and place of hearing, allowing a reasonable time for the preparation of the defense, and shall state the essential facts constituting the criminal contempt charged and describe it as such. The notice shall be given orally by the judge in open court in the presence of the defendant or, on application of the United States attorney or of an attorney appointed by the court for that purpose, by an order to show cause or an order of arrest. * * * "
 
 
 13
 (Fed.R.Crim.P. 42(b)).
 
 
 14
 Here, the defendants were not given a specification of the essential facts constituting the criminal contempt nor was it described as such.[2] Moreover, two of the three appellants herein, namely James R. Saul and Theodore M. Thornton, were not even directed to show cause, yet they were held in contempt due to their alleged violation of the consent decree. Finally, no notice was given to the appellants orally in their presence, nor was any notice given on application of the appropriate United States attorney or by an attorney appointed by the court for that purpose.
 
 
 15
 The "notice" requirements of Rule 42(b) of the Federal Rules of Criminal Procedure were not followed. Due process was violated. See: Taylor v. Hayes, 418 U.S. 488, 496-500, 94 S.Ct. 2697, 41 L.Ed.2d 897 (1974).
 
 B
 TRIAL BY JURY
 
 16
 We hold that the court below failed to accord the appellants the right to demand trial by jury, a right to which they were entitled in "criminal contempt" proceedings.
 
 
 17
 Rule 42(b) of the Federal Rules of Criminal Procedure requires, in part, that:
 
 
 18
 "The defendant is entitled to a trial by jury in any case in which an act of Congress so provides."
 
 
 19
 The instant case was brought, in part, as a "Title VII" civil rights action stating a cause of action under 42 U.S.C. § 2000e et seq.[3] Congress has provided for trial by jury in criminal contempt cases arising under Title VII suits as follows:
 
 
 20
 "In any proceeding for criminal contempt arising under title II, III, IV, V, VI, or VII of this Act, the accused, upon demand therefor, shall be entitled to a trial by jury, which shall conform as near as may be to the practice in criminal cases. Upon conviction, the accused shall not be fined more than $1,000 or imprisoned for more than six months." (42 U.S.C. § 2000h)
 
 
 21
 Because of the failure to comply with the "notice" requirements of Rule 42(b) of the Federal Rules of Criminal Procedure, as heretofore noted, we also hold that the appellants did not have an opportunity to "demand" a trial by jury and therefore could not have "waived" that right under 42 U.S.C. § 2000h. The failure to at least accord the appellants the statutory right to "demand" trial by jury likewise violated due process.
 
 
 22
 Additionally, and independent of congressional enactments, the appellants, upon "demand," had a right to trial by jury based upon constitutional principles[4] where they were charged with criminal contempt[5] and where the penalty actually imposed or which could be imposed would elevate the contempt from "petty" to "serious." "Serious contempt" occurs where the imprisonment exceeds or can exceed six months or, generally, where the fine exceeds $500. Muniz v. Hoffman, 422 U.S. 454, 95 S.Ct. 2178, 45 L.Ed.2d 319 (1975); Taylor v. Hayes, 418 U.S. 488, 495, 94 S.Ct. 2697, 41 L.Ed.2d 897 (1974); Codispoti v. Pennsylvania, 418 U.S. 506, 512, 94 S.Ct. 2687, 41 L.Ed.2d 912 (1974); Bloom v. Illinois, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968); Cheff v. Schnackenberg, 384 U.S. 373, 379-380, 86 S.Ct. 1523, 16 L.Ed.2d 629 (1966); 18 U.S.C. § 1(3).[6] See also: Argersinger v. Hamlin, 407 U.S. 25, 30, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972).
 
 
 23
 Since 18 U.S.C. § 401(3) does not contain statutory maximums regarding penalties which may be imposed, then, absent some indication by the prosecuting authority and/or the court that the fine if assessed will not exceed $500, or the sentence if imposed will not exceed six months' incarceration, a party charged with criminal contempt should be afforded the opportunity to demand trial by jury. As above noted, the appellants were not provided with "notice" regarding the nature of the criminal contempt proceedings and had no opportunity to "demand" trial by jury as guaranteed by the Constitution. However, since the penalty which actually was imposed squares with the definition of "petty" contempt, the failure to accord appellants the opportunity to demand trial by jury as guaranteed by the Constitution, although error, was harmless.
 
 C
 THE RIGHT TO COUNSEL
 
 24
 In Cooke v. United States, 267 U.S. 517, 45 S.Ct. 390, 69 L.Ed. 767 (1925), an attorney, angered by the conduct of a judge during a trial, delivered a letter to the court during a recess in a subsequent case requesting the judge to disqualify himself in four future cases. The letter also included personal and derogatory remarks. The court treated the matter as criminal contempt and, following a hearing, ordered the contemnor imprisoned. No right to counsel was provided. The contempt conviction was reversed, and at 267 U.S. 537, at 45 S.Ct. 395 Chief Justice Taft stated:
 
 
 25
 "Due process of law, therefore, in the prosecution of contempt, except of that committed in open court, requires that the accused should be advised of the charges and have a reasonable opportunity to meet them by way of defense or explanation. We think this includes the assistance of counsel, if requested, and the right to call witnesses to give testimony, relevant either to the issue of complete exculpation or in extenuation of the offense and in mitigation of the penalty to be imposed." (Citations omitted; emphasis added.)
 
 
 26
 The rule in Cooke was similarly restated by the Supreme Court in In Re Oliver, 333 U.S. 257, 275, 68 S.Ct. 499, 92 L.Ed. 682 (1948), in In Re Green, 369 U.S. 689, 691-692, 82 S.Ct. 1114, 8 L.Ed.2d 198 (1962), and in Holt v. Virginia, 381 U.S. 131, 136, 85 S.Ct. 1375, 14 L.Ed.2d 290 (1965).
 
 
 27
 Recently, in Argersinger v. Hamlin, 407 U.S. 25 (1972), the Supreme Court held that the Sixth Amendment guarantees to an indigent defendant in a criminal trial, absent a knowing and intelligent waiver, the right to the assistance of counsel in any case, whether felony or misdemeanor, without regard to whether the offense is deemed to be "petty" or "serious," where imprisonment may result. 407 U.S. 25, 37, 92 S.Ct. 2006, 32 L.Ed.2d 530. Since "(c)riminal contempt is a crime in the ordinary sense; . . .," Bloom v. Illinois, 391 U.S. 194, 201, 88 S.Ct. 1477, 1481, 20 L.Ed.2d 522 (1968), we believe that where a criminal contempt proceeding carries as a possible penalty the risk of imprisonment, then the person so charged is guaranteed the right to counsel without regard to a categorization of the contempt as "petty" or "serious."
 
 
 28
 This holding parallels In Re Kilgo, 484 F.2d 1215, 1221 (4th Cir. 1973), where a civil contempt proceeding was brought under 28 U.S.C. § 1826 because a witness refused to testify before a grand jury even though given "use" immunity under 18 U.S.C. § 6001 et seq. We held that the accused was entitled to counsel at the civil contempt hearing. In Kilgo, we relied upon Argersinger, supra. We believe that symmetry in legal logic compels our holding that a right to counsel exists in criminal contempt proceedings as above stated.
 
 
 29
 Although the district court clearly had the power under 18 U.S.C. § 401(3) and/or 42 U.S.C. § 2000h, supra, to order the appellants imprisoned, it chose instead to fine them. Thus, although the district court erred when it failed to grant appellant Saul the right to counsel at the outset of the proceedings when he potentially faced a risk of imprisonment, the error in this case was harmless.
 
 III
 THE SUFFICIENCY OF THE EVIDENCE
 
 30
 To support a conviction of criminal contempt for violation of a court order, it must be proved beyond a reasonable doubt, Michaelson v. United States, 266 U.S. 42, 66, 45 S.Ct. 18, 69 L.Ed. 162 (1924), Schwartz v. United States, 217 F. 866, 870 (4th Cir. 1914), that a person willfully, Panico v. United States, 375 U.S. 29, 84 S.Ct. 19, 11 L.Ed.2d 1 (1963), contumaciously, In Re Floersheim, 316 F.2d 423 (9th Cir. 1963), intentionally, In Re Brown, 147 U.S.App.D.C. 156, 454 F.2d 999 (1971), with a wrongful state of mind, In Re Farquhar, 160 U.S.App.D.C. 295, 492 F.2d 561 (1973), violated a decree which was definite, clear, specific, and left no doubt or uncertainty in the minds of those to whom it was addressed. Longshoremen's Ass'n v. Marine Trade Ass'n, 389 U.S. 64, 88 S.Ct. 201, 19 L.Ed.2d 236 (1967); In Re Brown, supra.
 
 
 31
 Application of those legal principles and standards to the facts of this case simply does not warrant a finding of criminal contempt. While the appellants might well have misinterpreted and, thus, violated the requirements of the consent decree under the facts with which they were faced, such conduct does not amount to criminal contempt. While the parties would have been better served by reapplying to the district court for guidance, appellants' conduct indicates a good faith effort toward compliance, and, even though the alternative conduct adopted was mistaken, this alone does not constitute criminal contempt. In Re Brown, 147 U.S.App.D.C. 156, 454 F.2d 999, 1007.
 
 IV
 MOOTNESS
 
 32
 Finally, although the fines have been paid, the case is not moot because the district judge levied the fines to be paid immediately subject to refund upon appellate reversal, and since each of the appellants possibly may be subjected to collateral legal consequences imposed upon them on the basis of the challenged convictions for criminal contempt. Sibron v. New York, 392 U.S. 40, 57, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968); United States v. Schrimsher, 493 F.2d 842 (5th Cir. 1974); Jessup v. Clark, 490 F.2d 1968 (3rd Cir. 1973). Illustrative of such "legal consequences" would be (1) possibly acquiring a criminal record on the federal level (See : 28 U.S.C. § 534), on the state level (Va.Code Ann. § 19.2-388), and for appellant Saul, an attorney, possible disciplinary proceedings due to violation of the consent decree if his conduct were deemed unlawful, dishonest, or unworthy or corrupt or unprofessional (Va.Code Ann. § 54-74(1)).
 
 V
 CONCLUSION
 
 33
 For the above reasons, the convictions of the appellants for criminal contempt are accordingly vacated, and the case is remanded to the district court with directions to require the refund of the fines heretofore paid by appellants and to dismiss the criminal contempt proceedings.
 
 
 34
 VACATED AND REMANDED.
 
 
 
 [1]
 The statutory power of a district court to punish those who violate its orders is contained in 18 U.S.C. § 401(3), which provides:
 "A court of the United States shall have power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as
 "(1) $ $ $
 "(2) * *
 "(3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command."
 The procedural powers in criminal contempt cases are contained in Rule 42 of the Federal Rules of Criminal Procedure.
 
 
 [2]
 The motion for an order to show cause and the show cause order itself directed defendants Duling, Fulton, and Leidinger to "Show Cause . . . why they (had) not violated the Consent Decree . . .." No mention was made of "contempt" or of "criminal contempt."
 
 
 [3]
 The other federal causes of action in the nature of civil rights were pleaded under 42 U.S.C. § 1981, 1983 and 1988. While §§ 1981, 1983, and 1988 are silent regarding the right to trial by jury in criminal contempt cases arising under these civil rights statutes, there are certain instances, inapplicable here, which may give rise to a right to trial by jury upon "demand."
 For instance, where a party violates a court order, or as here, a consent decree, then 18 U.S.C. § 401(3) quoted at N. 1, supra, gives the district court substantive criminal contempt power. However, where the contemptuous conduct is both "willful" and constitutes a criminal offense against the United States, or against a state, then 18 U.S.C. § 402 controls and a trial by jury, upon demand, is guaranteed by 18 U.S.C. § 3691.
 In this case, while the district court clearly treated the allegedly contemptuous conduct as "willful," no offense against the United States or against a state was charged, and therefore 18 U.S.C. § 3691 is inapplicable. But cf. 18 U.S.C. § 1509 ("Obstruction of court orders").
 Also not raised on appeal, and inapplicable as well, are the provisions of 18 U.S.C. § 3692 relating to trial by jury in criminal contempt cases involving or growing out of labor disputes. See: Muniz v. Hoffman, 422 U.S. 454, 95 S.Ct. 2178, 45 L.Ed.2d 319 (1975).
 4 U.S.Const., Art. III, § 2, and Sixth Amendment.
 
 
 [5]
 The right to trial by jury is not constitutionally required in cases involving civil contempt. Shillitani v. United States, 384 U.S. 364, 370-371, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966); Cheff v. Schnackenberg, post, 384 U.S. at 377, 86 S.Ct. 1523 (1965)
 
 
 [6]
 18 U.S.C. § 1(3) provides:
 "Notwithstanding any Act of Congress to the contrary:
 "(1) * * *
 "(2) * * *
 "(3) Any misdemeanor, the penalty for which does not exceed imprisonment for a period of six months or a fine of not more than $500, or both, is a petty offense."