February 4, 1999

                         No. 3--97--0779

(Consolidated with Nos. 3--97--0780 and 3--97--0781)

_________________________________________________________________

    IN THE

                   APPELLATE COURT OF ILLINOIS

                         THIRD DISTRICT

                           A.D., 1999

THE PEOPLE OF THE STATE         )  Appeal from the Circuit Court

OF ILLINOIS,                    )  of the 13th Judicial Circuit,

       )  La Salle County, Illinois

Plaintiff-Appellee,       )

                                )  Nos. 97--CF--247, 97--DT--284

v.                         )  and 97--TR--8176-82

  )

RICHARD A. WILLSON,             )  Honorable

  )  H. Chris Ryan,

Defendant-Appellant.       )  Judge Presiding

________________________________________________________________

     JUSTICE HOMER delivered the opinion of the court:

________________________________________________________________                 The defendant, Richard A. Willson, was found in direct criminal contempt of court and sentenced to six months in the county jail.  The sole issue on appeal is whether defendant's unfitness to stand trial precluded a finding of direct criminal contempt.  We reverse and remand for further proceedings.

On August 29, 1997, the defendant appeared with counsel for a hearing on pending motions in various criminal cases.  During the hearing on defense counsel's motion for a fitness hearing, the defendant repeatedly interrupted the court and expressed dissatisfaction with counsel.  After unsuccessfully warning the defendant of the probable consequences of further interruptions, the court found the defendant in direct criminal contempt of court and summarily sentenced him to six months in the county jail.  The court then granted defense counsel's motion for a fitness examination and subsequently ruled that the defendant was unfit to stand trial on the original criminal charges.  The defendant appeals from the finding of contempt.

Criminal contempt of court is defined as conduct calculated to embarrass, hinder or obstruct a court in its administration of justice or to derogate from its authority or dignity, thereby bringing the administration of law into disrepute.  
People v. Simac
, 161 Ill. 2d 297, 641 N.E.2d 416 (1994).  Direct criminal contempt results when the contemptuous conduct occurs in the presence of the trial judge.  
People v. Whitlock
, 167 Ill. App. 3d 984, 522 N.E.2d 100 (1988).  Before citing a person with contempt, the court must find that the conduct was willful.  
People v. Ernest
, 141 Ill. 2d 412, 566 N.E.2d 231 (1990).  

Direct criminal contempt may be found and punished summarily if all elements, including willfulness, are before the court and within the judge's knowledge.  
Simac
, 161 Ill. 2d 297, 641 N.E.2d 416.  However, where the record reveals a substantial issue as to the defendant's mental capacity to commit contempt, it cannot be said that all of the elements are within the court's knowledge.  See 
People v. Sheahan
, 150 Ill. App. 3d 572, 502 N.E.2d 48 (1986).  Contempt may not be punished summarily in such a situation; rather, the court must first afford the defendant his due process rights including a hearing and a right to present a defense.  
Sheahan
, 150 Ill. App. 3d at 575-76, 502 N.E.2d at 51. 

Since there was a 
bona
 
fide
 question of the defendant's mental fitness at the time of his conduct resulting in the finding of contempt, the court could not have summarily determined that he was capable of forming the requisite intent to commit direct criminal contempt.  Here, as in 
Sheahan
, there were sufficient facts to put the trial judge on notice that the defendant might be mentally ill, making it incumbent on the court to afford the defendant an opportunity to fashion a defense based upon an affirmative defense of insanity.  
Sheahan
, 150 Ill. App. 3d at 576, 502 N.E.2d at 51.

However, we do not agree with the defendant's position that the court's subsequent determination of his unfitness precludes a finding that the defendant was guilty of direct criminal contempt.  The defendant's unfitness simply delays the  proceedings until such time as the defendant is found to be fit.  When he is, the contempt matter may be set for a hearing and the defendant may, if he chooses, present a defense based on his mental capacity at the time of the alleged contemptuous conduct. 

For the reasons stated, we reverse the judgment of the circuit court of La Salle County and remand for further proceedings consistent with this opinion. 

Reversed and remanded.

SLATER and KOEHLER, JJ, concur.