BLAKE, District Judge,
concurring in part:
I concur in the reversal of Mitchell’s criminal contempt conviction. Specifically, I concur in Part 11(C) of Judge Luttig’s opinion finding insufficient evidence to support the conclusion that Mitchell acted “willfully, contumaciously, intentionally [and] with a wrongful state of mind” as required under United States v. McMahon, 104 F.3d 638, 642 (4th Cir.1997) (quoting Richmond Black Police Officers Ass’n v. City of Richmond, 548 F.2d 123, 129 (4th Cir.1977)). As to Part 11(B), while the language “TO BE OPENED ONLY BY THE COURT” is “clear” in a literal sense, McMahon teaches that we must consider the entire factual background and the defendant’s own circumstances rather than “some hypothetical situation.” Id. at 643. On the facts of this case, including the court clerk’s handing to Mitchell a pile of documents after removing one with the *304 statement “You can’t have this, this is a sealed document,” and the appearance of the word “OPENED” in the cellophane window indicating that the envelope Mitchell was handed had already been opened, I agree there is not sufficient evidence to support a conclusion that the order was “definite, clear, [and] specific, [leaving] no doubt or uncertainty in the minds of those to whom it was addressed.” Id. at 642. For these reasons I concur in Part 11(B). I would not reach the first element of the offense and therefore do not join in Part 11(A).
I concur in Part III of Judge Luttig’s opinion, finding the September 1997 sealing order invalid, and therefore agree that the civil contempt findings and sanctions as to both Mitchell and the Morning Star must be set aside.