The People of the State of Illinois, Plaintiff, *v.* Donald Mette, Defendant—(Robert H. Allphin, Director, Illinois Department of Revenue, *et al.,* Contemnors-Appellants.)

(No. 59827;

First District (5th Division)—July 26, 1974.

*Rehearing denied September 9, 1974.*

William J. Scott, Attorney General, of Springfield (James B. Zagel and John F. Podliska, Assistant Attorneys General, of counsel), for appellants.

Edward G. Finnegan, Special Counsel, of Chicago, for the People.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

Robert Allphin, Director of the Illinois Department of Revenue, and Phillip Mitchell, Chief Investigator of the Department of Revenue, were held in contempt of court for their refusal to comply with an order directing the return of an automobile belonging to Donald Mette. They

appeal contending that their conduct did not constitute contumacious behavior in that the court was without authority to issue the order.

On September 3, 1973, Mette was arrested and charged with the illegal transportation of cigarettes in violation of section 9c of the Cigarette Tax Act (Ill. Rev. Stat. 1971, ch. 120, par. 453.9c.)[1] Twenty-five cartons of cigarettes that were in Mette's possession and his 1973 Buick automobile were seized. On September 26, 1973, pursuant to the prescriptions of the Cigarette Tax Act (Ill. Rev. Stat. 1971, ch. 120, par. 453.1 *et seq.*), the Department of Revenue conducted a hearing to determine whether Mette's car should be confiscated. Mette was also the subject of a criminal prosecution brought under the same act. At oral argument counsel for contemnors stated that the assistant attorney general in charge of the criminal proceeding was unaware of the contemporaneous administrative action. On September 27, 1973, the State entered a nolle prosequi of the criminal case. Mette requested an order for the return of his car and, pursuant to this request, the court on September 28 ordered "[t]hat the 1973 Buick, Ltd. automobile, Serial No. 4V-39-T-3H-46978, Illinois registration No. HK 8698 presently impounded by the State be immediately restored to Donald Mette." It appears that the State challenged the jurisdiction of the court to issue this order and indicated that it would be appealed.[2] Although an appeal bond of $5000 was set, no appeal was taken from that order.

Mette sought the return of his car and was refused. On October 3 he filed a petition for a rule to show cause why Allphin and Mitchell should

---

[1] Ill. Rev. Stat. 1971, ch. 120, par. 453.9c, provides in pertinent part that:

"Any transporter desiring to possess or acquire for transportation or transport upon the highways, roads or streets of this State more than 2000 cigarettes which are not contained in original packages that are Illinois tax stamped shall obtain a permit from the Department authorizing such transporter to possess or acquire for transportation or transport the cigarettes, and he shall have the permit in the transporting vehicle during the period of transportation of the cigarettes. * * *

Any cigarettes transported on the highways, roads or streets of this State under conditions which violate any requirement of this Section, and the vehicle containing such cigarettes, are subject to seizure by the Department, and to confiscation and forfeiture * * * as provided for in Section 18a of this Act. * * *

Any person who violates any requirement of this Section is guilty of a misdemeanor and, upon conviction, shall be fined not more than $1,000, or be imprisoned in a penal institution other than the penitentiary for not more than one year, or be both so fined and imprisoned, in the discretion of the court."

[2] The transcripts of the hearing held below were not made part of the record for review.

not be held in contempt of court, citing as grounds therefor their refusal to return the car. Mette also requested and received from the court an order of restitution directed to the sheriff of Cook County in whose possession the car had been placed. Before this order was served the auto was removed to a State-owned garage.

On October 10 the Department of Revenue ordered that the car be forfeited.[3] The same day the State filed a motion to vacate the court's orders of September 28 and October 3, reiterating its assertion that the court lacked jurisdiction to issue them. On October 15 the court overruled the motion to vacate and gave contemnors until October 22 to answer the rule to show cause. No answer was filed. On October 22 the court ordered that Allphin and Mitchell be held in contempt of court and fined them each $6500. In addition, it was "further ordered by agreement [that the] automobile in question be forthwith returned to Defendant upon executing a Recognizance Bond in the amount of SIXTY FIVE HUNDRED DOLLARS ($6,500.00) without surety * * *." In seeking review the State filed a notice of appeal solely from "the orders entered by Judge Nicholas J. Bohling, on October 22, 1973, adjudicating Robert Allphin and Phillip Mitchell in contempt of Court and finding [sic] each $6500.00, and the order requesting the return of a certain automobile to Donald Mette."

OPINION

■■ Contemnors were held to be in contempt of court in that they knowingly resisted the execution of the orders of the court below directing the return of Mette's automobile. We note, however, that the court's order of September 28 was not directed to any specific person or persons. Furthermore, the record does not indicate that contemnors were in court at the time the order was issued or that any explanation of the intended scope of the order was given. We therefore believe that due to this vagueness in the September 28 order, contemnors' failure to comply with its terms did not constitute contempt of court.

■■ Mette filed a supplement to his petition for a rule to show cause in which he alleged malfeasance on the part of contemnors due to their actions with regard to the order of restitution issued on October 3. Mette claims that after he served contemnors with this order, they removed the car from the custody of the sheriff and placed it in a State-owned garage. We believe that this does not constitute contumacious behavior. There is no indication in the record that the removal of the

---

[3] At oral argument it was represented that judicial review of this administrative order was being pursued.

auto was intended to thwart Mette's attempts to regain possession of it. Moreover, since the restitution order was directed to the sheriff of Cook County and not to them, contemnors were not obliged to return the car to Mette.

We therefore reverse the order citing contemnors for contempt of court.

Reversed.

SULLIVAN, P. J., and LORENZ, J., concur.