(No. 61900.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. L.A.S., a Minor, Appellee.

*Opinion filed March 19, 1986.*

Neil F. Hartigan, Attorney General, of Springfield, and Jeffrey K. Davison, State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman and Gwendolyn W. Klingler, of the State's Attorneys Appellate Service Commission, of Springfield, of counsel), for the People.

Daniel D. Yuhas and Karen Munoz, of the Office of the State Appellate Defender, of Springfield, for appellee.

JUSTICE MORAN delivered the opinion of the court:

The State appeals from a decision of the appellate court reversing a judgment of the circuit court of Macon County which summarily found respondent, a minor, guilty of direct criminal contempt for failing to return to court at the conclusion of a short recess. A majority of the appellate court held that respondent's failure to re-

turn to court could constitute only indirect criminal contempt and could not be punished summarily but required notice and hearing. (132 Ill. App. 3d 811.) We allowed the State's appeal, which presents a single question for review: Did the respondent's failure to reappear for her probation-revocation hearing, after a brief recess declared by the court, constitute direct criminal contempt?

On April 30, 1984, respondent was found guilty of retail theft under $150 in violation of section 16A–3(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 16A–3(a)). Pursuant to the terms of the Juvenile Court Act (Ill. Rev. Stat. 1983, ch. 37, par. 701–1 *et seq.*), respondent was adjudged a delinquent minor, made a ward of the court, and placed on probation for 18 months. Among the terms of her probation, respondent was to reside with her parents, be home every evening by 10 p.m. unless accompanied by one of her parents, remain in Macon County unless consent to leave the county was given by her probation officer, and not violate any criminal statute of any jurisdiction.

On May 31, 1984, respondent was taken into custody for violating the terms of her probation. She was alleged to have been absent from her home for 3½ weeks without authorization. Respondent was released into the custody of her mother pending a hearing set for June 8. However, on June 2, respondent was taken into custody for allegedly committing the offense of armed robbery in violation of section 18–2a of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 18–2a).

The hearing convened as scheduled on June 8 to consider the State's allegations that respondent had violated the terms of her probation. Respondent denied the alleged violations. The circuit court then ordered a full hearing on the matter for July 24, 1984. Prior to the date of this hearing, respondent again left her home without authorization and also left the State of Illinois.

A warrant was issued, and respondent was taken into custody in the State of Kansas on July 3, 1984. She was returned to Illinois, where she was remanded into the custody of the sheriff until July 24, the date of her probation-revocation hearing. On that date, the hearing was continued to August 2, 1984, because material witnesses were not present. Respondent was once more released into her mother's custody.

Respondent's probation-revocation hearing convened as scheduled on the August date. After the State completed its case in chief, the circuit court recessed for 10 minutes. At the conclusion of the recess, respondent had not returned to court. Neither her mother nor her attorney knew of respondent's whereabouts or any reason why she had not returned.

The State asked the court to issue another warrant. The warrant issued, and respondent was taken into custody on August 12, 1984. On August 14, prior to proceeding with the probation-revocation hearing, the court summarily found respondent in direct criminal contempt for failing to return after recess of the court on August 2. The court found "[that] the minor wilfully absented herself from the courtroom, [c]ourt[h]ouse and was later detained pursuant to warrant issued." It was the further finding of the court "that such conduct was calculated to, and in fact did embarrass, hinder and obstruct the [c]ourt in its administration of justice and did derogate from its authority and dignity, and did bring the administration of justice into disrepute." The court then sentenced respondent to 30 days' confinement at the Logan County Safety Complex. The court denied respondent's motion to delay imposition of sentence pending appeal.

Respondent filed notice of appeal from the contempt order. While her appeal was pending, respondent's probation-revocation hearing resumed and she was found guilty of armed robbery. Her probation was revoked, and

respondent was remanded into the custody of the Department of Corrections, Juvenile Division.

This court has defined criminal contempt of court "as conduct which is calculated to embarrass, hinder or obstruct a court in its administration of justice or derogate from its authority or dignity, thereby bringing the administration of law into disrepute." (*People v. Javaras* (1972), 51 Ill. 2d 296, 299; *People v. Siegel* (1983), 94 Ill. 2d 167, 171.) Further, the court has recognized two forms of criminal contempt: direct and indirect.

Direct criminal contempt is contemptuous conduct occurring "in the very presence of the judge, making all of the elements of the offense matters within his own personal knowledge." (*People v. Harrison* (1949), 403 Ill. 320, 323-24.) Direct contempt is "strictly restricted to acts and facts seen and known by the court, and no matter resting upon opinions, conclusions, presumptions or inferences should be considered." *People v. Loughran* (1954), 2 Ill. 2d 258, 263.

Indirect criminal contempt is contemptuous conduct "which in whole or in an essential part occurred out of the presence of the court, is not admitted, and which is therefore dependent for its proof upon evidence of some kind. [Citation.] Where the judge does not have *full personal knowledge of every element of the contempt and its demonstration depends on the proof of facts, of which the court would have no judicial notice, the contempt is held to be indirect.*" (Emphasis added.) *People v. Harrison* (1949), 403 Ill. 2d 320, 324.

Direct criminal contempt may be found and punished summarily because all elements are before the court and, therefore, come within its own immediate knowledge. Consequently, the usual safeguards of procedural due process are not required. (*People v. Javaras* (1972), 51 Ill. 2d 296, 299; *People v. Loughran* (1954), 2 Ill. 2d 258, 263.) On the other hand, because a finding of indirect

contempt requires proof of matters outside the immediate knowledge of the court, the alleged contemnor is entitled to due process safeguards, including notice, opportunity to answer, and a hearing. *People v. Javaras* (1972), 51 Ill. 2d 296, 300.

Our reading of the record leads us to believe that respondent's failure to return to court at the conclusion of a recess, if contemptuous, constituted indirect contempt. Respondent's failure to return disrupted the probation-revocation hearing as the court found that it could not proceed with the minor *in absentia*. The fact of the minor's absence was immediately before the court, but the reasons for her absence were not. As the appellate court noted, establishing respondent's intent to wilfully disrupt the probation-revocation hearing depended upon learning the facts and circumstances surrounding her absence. Her absence, standing alone, was insufficient to establish that she wilfully intended to disrupt the proceedings and embarrass the court. Determining the minor's intent in this case required that the court take testimony as to matters occurring beyond its presence and knowledge.

We also find persuasive those cases in which the absence of an attorney has been found contemptuous. In Illinois, an attorney can be held in criminal contempt of court for failing to appear as scheduled. But, because the court must inquire into the reasons for an attorney's absence, it is uniformly held that the essential element of intent is not immediately before the court. Insofar as an attorney's absence is wilful, that fact is dependent upon information not known by the court but presented to it through the testimony of others. Thus, an attorney's failure to appear, if contemptuous, is indirect and can be found only after notice and hearing. *People v. McNeil* (1976), 42 Ill. App. 3d 1036, 1038-39; *People v. Pincham* (1976), 38 Ill. App. 3d 1043, 1045-46.

The absence of a party to a proceeding, as here, re-

quires the same reliance on external facts and circumstances as does the absence of an attorney. The requisite element of wilfulness must be established by facts beyond the court's knowledge.

In this case, the circuit court did not know the reasons for respondent's absence and could only know the grounds of her absence by taking evidence as to facts and circumstance not immediately before it. The circuit court did not hold a hearing for this purpose. We hold, therefore, that the court erred in finding the respondent in direct criminal contempt.

For the reasons stated above, we affirm the judgment of the appellate court which reversed the judgment of the circuit court.

*Judgment affirmed.*