THE PEOPLE *ex rel.* NEIL F. HARTIGAN, Attorney General, Plaintiff-Appellee, v. JOHN JANSEN, Defendant-Appellant.

First District (2nd Division)   No. 85—3059

Opinion filed December 23, 1986.

Steven Clark and Thomas Long, both of State Appellate Defender's Office, of Chicago, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart and James C. Spoeri, Assistant Attorneys General, of counsel), for appellee.

PRESIDING JUSTICE BILANDIC delivered the opinion of the court:

Defendant appeals from his conviction of criminal contempt of court. In September 1984, the Attorney General of the State of Illinois brought suit against the defendant, John Jansen, and others, alleging violations of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1983, ch. 121½, par. 261 et seq.). During the proceedings in that cause, the People filed a petition for rule to show cause against Jansen claiming that he made false statements to the court during a hearing and engaged in conduct, outside the courtroom, in violation of a court order. After a hearing on the People's petition, the court found Jansen guilty of two counts of criminal contempt and sentenced him to a 10-day term of imprisonment. Jansen appeals contending that his conviction should be reversed because he did not have notice of the court order that he was convicted of disobeying; his statements made to the court during a hearing were not false; and the court abused its discretion in sentencing him to a 10-day term of imprisonment.

On September 12, 1984, the Attorney General sought injunctive and other relief against Cointel of Illinois (Cointel), John Jansen, Associates, Inc., Commercial Brokerage Group, Ltd. (Commercial), John Jansen (Jansen), Patrick Gorgan, and Terri Conroy. The complaint alleged that defendants, who were engaged in the marketing of private coin-operated telephones in Illinois, violated the Consumer Fraud and

Deceptive Business Practices Act (Ill. Rev. Stat. 1983, ch. 121½, par. 261 *et seq.*). On May 29, 1985, a receiver was appointed and given full power and authority to investigate and inquire into the business and affairs of Cointel and Commercial in order to protect the interest of the parties and consumers. The order appointing the receiver required all parties to cooperate with the receiver and prohibited them from interfering with the performance of his duties.

At a hearing held on September 16, 1985, the court granted United States Phone Company (USPC), a 50% share owner of Cointel, leave to intervene and file its complaint for an accounting and dissolution. The court also permitted the receiver and Jansen's attorney, Mr. Crotty, to withdraw from the case. Jansen was not personally present. The court orally ordered that USPC was to remove all items of personal property from Cointel's offices at 221 North La Salle and hold them pending further order of court. Mr. Marconi, an attorney for USPC, advised the court that "USPC will pick up the property and it will be taken to a warehouse in Batavia and stored there."

On September 23, 1985, the court entered a written order memorializing the oral orders it had entered on September 16, 1985, and set the matter for trial on October 7 and 8, 1985. The People were directed to send a copy of that order to Jansen by certified mail.

On October 7, 1985, the People and USPC appeared with counsel. Jansen appeared *pro se*. Counsel for USPC informed the court that he believed that during the evening of September 16, 1985, all of the assets of Cointel had been removed from its offices by Mr. Jansen. Since Jansen was acting as his own counsel, the court permitted Jansen to make a response in the nature of an opening statement. Therefore, Jansen was not under oath when he made the following statement:

> "Commercial Brokerage Group leased two suites of offices at 221 N. La Salle Street, your Honor. Both are on the same floor. One of them was approximately three times larger than the other one. Mr. Cohen, the managing agent of the building had been calling me a couple of times a week pestering me to see that something is done, since rent hasn't been paid for five months, and he had a tenant that wanted the larger suite.
>
> So what I did, I made arrangements to remove the assets of Commercial Brokerage Group and my own personal library from the suite, and to put Cointel's equipment in the small suite next door. The only thing I did not put in there are the contracts, your Honor, which total a little over five thousand, which I have in my possession, and I just didn't feel comfort-

able leaving them there."

At this point, the court proceeded with the hearing. After two witnesses had testified, Mr. Marconi returned with Mr. Larry Cohen, manager of the building at 221 North La Salle. Marconi told the court that nothing of value remained in the suites at 221 North La Salle.

The People made an oral motion for a rule to show cause why Jansen should not be held in contempt which was deferred by the court. The court advised Jansen to obtain counsel due to the possibility of contempt proceedings and then recessed for a short period of time. After the recess, however, Jansen did not return. The court stated it would accept a petition for rule to show cause against Jansen and directed counsel to notify Jansen of the petition. The contempt hearing was set for the next day, at which time the People filed a written petition for rule to show cause charging Jansen with two counts of contempt. Count I alleged that Jansen committed indirect criminal contempt by violating the court's order of September 16, 1985, and count II alleged direct criminal contempt because Jansen lied to the court regarding the movement of Cointel property.

The contempt hearing was continued to October 9, 1985, so that Jansen could appear with new counsel. At the contempt hearing, Larry Cohen, the building manager of 221 North La Salle, testified that suites 2301, 2314, and 2363 were leased to Commercial. Jansen, as its vice-president, signed the lease on behalf of Commercial. Cohen testified that on October 7, 1985, he checked the offices leased by Commercial and discovered that, while no personal property was present in suite 2301, a number of telephone books, six or seven telephone face plates, and other miscellaneous equipment were in the adjoining storeroom. Cohen also identified People's exhibit No. 1 as a memorandum he wrote for Jansen on the afternoon of September 26, 1985. The memorandum was to be used as a security pass for moving property out of the building.

Louis Caravelli, director of security at 221 North La Salle, testified that just prior to the hearing, he observed that all that remained in the suites was a couple of rows of telephone books in a storage area and some telephone parts strewn about on the floor. Barbara Gray, a security officer in the loading dock area of the building, testified that at about 6:15 p.m. on September 16, 1985, three movers came to the building and made about 9 or 10 trips in and out of the building removing approximately 40 boxes marked Cointel and other assorted office equipment. Later, Jansen came down and told Ms. Gray that they were finished moving.

The parties stipulated that if Mr. Crotty, Jansen's first attorney,

were called to testify, he would testify:

"On the morning of September 16, 1985, he had a telephone conversation with his client, Mr. Jansen, advised him of the pendency of the motion *** the motion of the counter-plaintiff which was to be heard that day, that after your Honor ruled on that motion and ruled on Mr. Crotti's [*sic*] motion to withdraw from the case, and entered a verbal order on those matters, that Mr. Crotti [*sic*] did not then again speak to Mr. Jansen until September 17, the following day.

So that Mr. Crotti [*sic*] would testify that he did not inform Mr. Jansen of the ruling on the motions that were presented on the 16th."

Jansen testified that during August and September of 1985, Gary Weaver, an officer and director of Cointel, removed about 110 telephones from the suites at 221 North La Salle and placed them in a warehouse leased by Cointel. Jansen admitted that he was aware that Weaver was removing the telephones. He also testified that on the evening of September 16, 1985, everything was taken out of suite 2301 because there was too much property there and it would not fit into suite 2314, so he (Jansen) had to put it in the Cointel warehouse at another location. Jansen also testified that he was not advised of the court's order of September 16 until September 17, when he spoke with Mr. Crotty. He said that on the evening of September 16, he had no knowledge of the court's order. He also testified that he did not receive a copy of the written order until September 27, 1985.

Jansen admitted that on October 7, 1985, he told the court that he did not remove any telephones or any Cointel property from 221 North La Salle. Jansen also admitted that he told the court that on September 16, 1985, the Cointel property was removed from suite 2301 to suite 2314. Furthermore, Jansen admitted that after September 17, 1985, he failed to inform the court, the receiver, the office of the Attorney General, or Mr. Crotty that no property remained to be removed by USPC. Jansen also testified that he was aware of the court's order calling for all parties to fully cooperate with the receiver, that he was aware that the receiver was still a duly-appointed officer of the court during August and September of 1985, and that he never asked the receiver if he could remove the telephones from 221 North La Salle. Jansen said that he did not believe a problem existed because the warehouse that the property was moved to was being leased by Cointel and that he (Jansen) was willing and able to tender the telephones to whomever the court directed.

The court found Jansen guilty of both counts of criminal con-

tempt. At the sentencing, after hearing evidence in aggravation and mitigation, the court sentenced Jansen to 10 days in the Cook County jail to begin October 21, 1985. That sentence was stayed pending appeal.

## I

■■ ■ The petition charges Jansen with indirect criminal contempt alleging that Jansen, "having due notice, intentionally violated" the court's order of September 16, 1985. Jansen argues that he was not advised of the prohibitions contained in the court's order of September 16, 1985, and therefore did not wilfully violate that order through his conduct. We agree. In Illinois, indirect criminal contempt is committed out of the presence of the court and is, therefore, dependent for its proof upon extrinsic evidence of some kind or upon the establishment of facts of which the court possesses no personal knowledge. (*Sunset Travel, Inc. v. Lovecchio* (1983), 113 Ill. App. 3d 669, 675, 447 N.E.2d 891.) In criminal contempt, it is necessary that guilt be proved beyond a reasonable doubt. (*O'Leary v. Allphin* (1976), 64 Ill. 2d 500, 512, 356 N.E.2d 551.) Only wilful conduct can constitute indirect criminal contempt. A finding of wilful contempt is a matter of fact to be determined by the trial court, and it will not be disturbed on appeal unless there is a clear abuse of discretion. (*Frank B. Hall & Co. v. Payseur* (1981), 99 Ill. App. 3d 857, 860, 425 N.E.2d 1002.) The People failed to prove, beyond a reasonable doubt, that Jansen had notice of the court's order of September 16. Jansen cannot be held in contempt for violating an order of which he had no knowledge. *People v. Wilcox* (1955), 5 Ill. 2d 222, 125 N.E.2d 453; *People v. Mette* (1974), 21 Ill. App. 3d 774, 316 N.E.2d 106.

## II

■■ ■ Next, Jansen argues that the nature of the statement made by him to the court on October 7, 1985, regarding the movement of Cointel property on September 16, 1985, and the circumstances surrounding its making, do not indicate that Jansen made the statement with the wilful, malevolent intent necessary to support a finding of contempt of court. We disagree. To sustain a finding of direct criminal contempt, it must be shown that particular conduct was calculated to embarrass, hinder, or obstruct a court in its administration of justice, to derogate from its authority or dignity, or bring the administration of law into disrepute. (*People v. Siegel* (1983), 94 Ill. 2d 167, 171, 445 N.E.2d 762.) The intent to commit contempt may be inferred from the actions of the contemnor. (94 Ill. 2d 167, 171, 445 N.E.2d 762.)

Jansen told the court that he had put all of Cointel's property, except for the contracts, in the "storage" suite at 221 North La Salle when, in fact, he removed the Cointel property to another location, *i.e.*, a warehouse leased by Cointel. The testimony of the witnesses, Mr. Cohen, Mr. Caravello, Ms. Gray, and Jansen himself, proves that Jansen did indeed remove Cointel property from 221 North La Salle and that no property of any value remained in the suites at 221 North La Salle. The evidence supports the finding that Jansen was guilty of criminal contempt as charged in count II of the petition.

### III

■ In light of our decision that the conviction under count I of the petition must be vacated, as well as the absence from the record of any indication that the trial court intended the 10-day sentence to encompass concurrent terms for two counts of criminal contempt, we conclude that the cause must be remanded for new sentencing. *People v. Surles* (1984), 126 Ill. App. 3d 216, 229, 466 N.E.2d 1295.

For the reasons stated above, the judgment of the circuit court of Cook County convicting Jansen of criminal contempt under count I is reversed. The conviction under count II is affirmed, and the cause is remanded for new sentencing consistent with this opinion.

Affirmed in part; reversed in part and remanded.

HARTMAN and SCARIANO, JJ., concur.