THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT WHITLOCK *et al.*, Defendants-Appellants.

First District (4th Division)   Nos. 86—0151, 86—0152 cons.

Opinion filed January 21, 1988.—Rehearing denied April 12, 1988.

Paul P. Biebel, Public Defender, of Chicago (Alison Edwards, Assistant Public Defender, of counsel), for appellants.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., Joan E. Disis, and Richard F. Pollack, Assistant State's Attorneys, of counsel), for the People.

JUSTICE LINN delivered the opinion of the court:

Defendants, Robert Whitlock and Greg Taylor, appeal from an order of the circuit court finding them in direct criminal contempt. On appeal, the defendants contend: (1) they were denied their constitutional right to notice and an opportunity to present a defense and (2) the trial court's finding is not supported by the record on appeal.

On the evening of January 6, 1986, the defendants appeared for a bond hearing after being arrested and charged with aggravated arson (Whitlock) and burglary (Taylor). The trial court initially set bond for each defendant but subsequently recalled them to address charges of direct criminal contempt. The charges stemmed from the defendants' alleged misrepresentation of their identities to the court during the hearing. The record on appeal fails to reveal how the trial court discovered this matter prior to the time it conducted a summary hearing in which the public defender was appointed to represent the defendants.

At the hearing, the State presented two witnesses. Daniel Martinez, a correctional officer employed by the Cook County sheriff's department, testified that while in the course of his duties on January 6, 1986, he called several of the prisoners' names to arrange transportation from the court to the Cook County Department of Corrections. Further testimony revealed that when he called the names of the defendants, Whitlock represented himself as Taylor and Taylor represented himself as Whitlock. At this point the court stated:

"This court remembers the details very well. We remember this man specifically stepping in in front of me and making representations that he was Greg Taylor, both at the time that we held the hearing for bond purposes and when I read the admon-

ishments with regard to making bond, and the same thing with regards to the other gentlemen, and this court does remember that he said he was Greg Taylor."

The testimony of Peter Anton, a supervisor employed by the Cook County sheriff's department, supported, in all respects, the rendition given by Martinez. After the State rested, the trial court did not permit the defendants to call any witnesses on their behalf or argue their cause. In denying the defendants this opportunity, the court stated that this was a hearing on direct criminal contempt and that it could have sentenced the defendants, based on the facts presented and on its own personal knowledge of the circumstances surrounding this matter, without giving them an opportunity to be heard.

Thereafter, the trial court held that the defendants had misrepresented their identities at the bond hearing and that during the course of the hearing neither defendant attempted to correctly identify himself. The court found the defendants to be in direct criminal contempt and sentenced them each to 170 days in the Cook County Department of Corrections. On appeal, the defendants first contend that they were denied their constitutional right to advance written notice and an opportunity to be heard.

■ Criminal contempt of court has been defined "as conduct which is calculated to embarrass, hinder or obstruct a court in its administration of justice or derogate from its authority or dignity, thereby bringing the administration of law into disrepute." (*People v. Javaras* (1972), 51 Ill. 2d 296, 299, 281 N.E.2d 670.) Direct criminal contempt results when the contemptuous conduct occurs in the very presence of the trial judge, which makes all of the elements of the offense matters within his personal knowledge. (*People v. Totten* (1987), 118 Ill. 2d 124, 514 N.E.2d 959; *People v. L.A.S.* (1986), 111 Ill. 2d 539, 490 N.E.2d 1271.) " 'Where the judge does not have *full personal knowledge of every element of the contempt and its demonstration depends on the proof of facts, of which the court would have no judicial notice, the contempt is held to be indirect.*' (Emphasis added.)" (*People v. L.A.S.* (1986), 111 Ill. 2d 539, 543, 490 N.E.2d 1271, quoting *People v. Harrison* (1949), 403 Ill. 320, 324, 86 N.E.2d 208.) Because all the elements of direct criminal contempt are before the court or come within its own immediate knowledge, the usual safeguards of procedural due process are not required prior to imposition of punishment. "On the other hand, because a finding of indirect contempt requires proof of matters outside the immediate knowledge of the court, the alleged contemnor is entitled to due process safeguards, including notice, an opportunity to answer, and a hearing."

(*People v. L.A.S.* (1986), 111 Ill. 2d 539, 543-44, 490 N.E.2d 1271; see also *People ex rel. Hartigan v. Jansen* (1986), 151 Ill. App. 3d 208, 213, 502 N.E.2d 1129.) On review from a finding of direct criminal contempt, the duty of this court is to determine whether the court considered only facts within its personal knowledge. *City of Chicago v. Chicago Fire Fighters Union* (1981), 99 Ill. App. 3d 583, 425 N.E.2d 1071.

■ In the instant case, the trial court recalled the defendants after it had originally set their bond. The record on appeal reveals that a summary hearing was held to determine whether defendants had intentionally misrepresented their identity to the court. After hearing from two employees of the sheriff's office, whose testimony established that each defendant purported to be the other, the trial court denied the defendants' attorney an opportunity to present a witness or argument in their defense. Although the trial court stated that the defendants were not entitled to a hearing because their conduct constituted direct criminal contempt, the record does not reveal that the court had firsthand knowledge of all the facts necessary to conclude that the defendants had misstated their identity or that they possessed the requisite intent to engage in contemptuous conduct. Rather, we can only infer from the record presented on appeal that the trial court was apprised of the circumstances surrounding the defendants' original appearance by employees of the sheriff's department or of the court. After a thorough review of the record, we conclude that the trial court's reliance upon information from these sources in determining the defendants' guilt clearly distinguishes this case as one of indirect criminal contempt.

Accordingly, because the contempt charges require proof of matters outside the immediate knowledge of the court, defendants were entitled to due process safeguards, including notice, opportunity to answer and a hearing. (*People v. L.A.S.* (1986), 111 Ill. 2d 539, 490 N.E.2d 1271.) In conclusion, we note that we need not address the defendants' second contention due to a resolution of the initial issue.

Accordingly, the judgments of the circuit court are reversed and the causes remanded for further proceedings consistent with this order.

Reversed and remanded.

McMORROW, P.J., and JOHNSON, J., concur.