THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
GARY KAEDING, Defendant-Appellant.

Second District   Nos. 2—88—0464, 2—88—0555 cons.

Opinion filed December 19, 1989.

No brief filed for appellant.

Roger T. Russell, State's Attorney, of Belvidere (William L. Browers and Martin P. Moltz, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PER CURIAM: The defendant, Gary Kaeding, appeals from two orders finding him in direct criminal contempt of court. We affirm in part and vacate and remand in part.

On February 25, 1988, the defendant appeared in the trial court and stated he was Dennis H. Anderson, a party in the case called for hearing. The defendant repeatedly represented himself to be Dennis Anderson, even though the court personally knew he was Gary Kaeding. The court therefore found the defendant in direct criminal contempt for misrepresenting his identity to the court.

Thereafter, the defendant filed a civil suit in Federal court against the trial judge. The defendant also subpoenaed the trial judge and the judge's father. The trial judge thereafter summarily found that the suit was filed for the sole purpose of intimidating the court. The judge therefore held the defendant in direct criminal contempt.

On May 5, 1988, following a sentencing hearing on the contempt findings, the trial court fined the defendant $500 on the first contempt order. On the second contempt order, the court fined the defendant $500 and sentenced him to six months in jail.

Initially, we note that the defendant's *pro se* brief presents numerous issues, many of which are nonsensical. For instance, he argues that this court has no jurisdiction over his appeal. We find this a strange argument since the defendant is bringing the appeal. Given the nature of the defendant's brief, we will only address those issues bearing a semblance of rationality.

■ The defendant argues that the trial court lacked jurisdiction to enter an order of contempt against him. We disagree. As long as the trial court had jurisdiction over the parties and subject matter, the court also had jurisdiction to enter an order of contempt. (*People v. Draves* (1986), 149 Ill. App. 3d 657, 500 N.E.2d 1072.) In the instant case, the trial court had personal jurisdiction over the defendant from his appearance in court. We therefore hold that the court had the jurisdictional authority to enter a contempt order against him.

The defendant also argues that he should not have been held in contempt for misrepresenting his identity to the court. We find this argument meritless.

Criminal contempt of court has been defined as conduct which is calculated to embarrass, hinder, or obstruct a court in its administration of justice or derogate from its authority or dignity, thereby bringing the administration of law into disrepute. (*People v. Smith* (1981), 102 Ill. App. 3d 226, 429 N.E.2d 870.) Direct criminal contempt results when the contemptuous conduct occurs in the presence of the trial judge, making all of the elements of the offense matters within his personal knowledge. *People v. Whitlock* (1988), 167 Ill. App. 3d 984, 522 N.E.2d 100.

In the instant case, we find that the defendant's misrepresentation of his identity was conduct calculated to obstruct the trial court in its administration of justice. We also find that the conduct occurred within the presence of the trial court and that the trial judge personally knew the defendant's real identity. We therefore hold that based on this conduct, the trial court's finding of direct criminal contempt was proper.

The next issue on appeal is whether the trial court properly found the defendant in direct criminal contempt based on the defendant's conduct of filing a lawsuit in an alleged effort to intimidate the court. Although the trial court's finding of intimidation appears correct, we nonetheless must vacate this contempt order and remand the cause for a hearing.

An indirect contempt is one which occurs out of the presence of the judge and is therefore dependent for its proof upon evidence of some kind or upon facts of which the court has no judicial notice. (*People v. Jashunsky* (1972), 51 Ill. 2d 220, 282 N.E.2d 1.) The filing of contemptuous documents is a type of indirect criminal contempt. (See *People ex rel. Finck v. Locher* (1988), 172 Ill. App. 3d 706, 526 N.E.2d 935.) In proceedings to punish indirect criminal contempt, due process requires that the accused be accorded notice and a hearing. *People v. Waldron* (1986), 114 Ill. 2d 295, 500 N.E.2d 17.

In the instant case, we find that the defendant's conduct occurred outside the presence of the trial court and, as such, was indirect criminal contempt. We therefore hold that the defendant was entitled to notice and a hearing. Furthermore, we hold that on remand the judge against whom the lawsuit was filed should recuse himself from the defendant's indirect contempt hearing so as to avoid the appearance of impropriety.

The judgment of the circuit court of Boone County is affirmed as

to the first direct criminal contempt finding; the judgment on the second direct criminal contempt finding is vacated, and the cause is remanded for further proceedings consistent with our findings.

Affirmed in part; vacated and remanded in part.