THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GASPER LaROSA *et al.,* Defendants-Appellants.

First District (4th Division)   No. 1—88—3726

Opinion filed May 10, 1990.

Kelly E. Cotter, of Ramsell & Associates, of Schaumburg, for appellants.

Cecil A. Partee, State's Attorney, of Chicago (Inge Fryklund, Paula Carstensen, and Catherine Bernard, Assistant State's Attorneys, of counsel), for the People.

JUSTICE JOHNSON delivered the opinion of the court:

Defendant Gasper LaRosa was charged with driving while his license was revoked, improper lane usage and driving while under the influence of alcohol. Following a hearing on defendant LaRosa's motion to quash his arrest and suppress evidence, the trial court found LaRosa and the two witnesses, Larry LeGrand and Thomas LeGrand, who testified on his behalf, in direct criminal contempt of court for perjury. All three were sentenced to 30 days in jail. On appeal, defendants contend that the trial court abused its discretion.

We reverse.

The morning of July 16, 1988, LaRosa, Larry LeGrand and Thomas LeGrand (Larry's father) attended a golf outing in Mokena, Illinois. All three men consumed alcohol throughout the day and into the evening at three separate taverns. Police were contacted by the manager of the last place they visited, Henry's Pizza, because of a disturbance in the parking lot. It was reported that all three men

started a fight with patrons in the parking lot, used profanity, and broke liquor bottles.

Officer Ivan Folsom testified that the restaurant staff described defendants' vehicle as a camper and provided the license number. They also described LaRosa as a middle-aged man with dark hair and wearing a baseball cap. One of the two with LaRosa was stated to be an older, stocky man with salt-and-pepper curly hair. The other was a younger man who wore shorts. Neither of the latter two men wore baseball caps.

The officer testified that when he located the camper it was traveling eastbound on 103rd Street approaching Roberts Road. When the driver turned right onto Roberts Road, the officer noticed that the vehicle weaved between the two lanes, riding over the median on the inside and alternately striking the right shoulder of the road. The officer then directed his spotlight onto the outside rear view mirror of the camper in order to catch the driver's attention, and he clearly observed LaRosa as the driver of the camper. When the driver did not stop, the officer activated his lights. After the camper came to a stop, the driver and the two occupants fled the cab area into the rear camper portion. Although no one responded immediately, Thomas was the first to leave the camper. He identified himself to Officer Folsom as the driver. After the officer stated that he knew Thomas was not the driver, Thomas then admitted that he was not. The officer further testified that Thomas explained that the three had been to a sporting event and that LaRosa had driven the camper because he was the most sober. When LaRosa left the camper, he refused to submit to field-sobriety tests. The officer testified that all three appeared drunk, but he charged only LaRosa, as the driver.

Both Larry and Thomas testified that Thomas was the driver of the camper on the evening in question. Larry admitted that he was intoxicated and that he knew LaRosa's license had been previously suspended for drunken driving charges. Larry testified that all three wore blue baseball caps that day. During Thomas' testimony the court admonished defense counsel against presenting perjured testimony.

LaRosa also testified that he was not the driver on the evening in question, but he admitted driving subsequent to the revocation of his license.

The trial court denied the defense motion to quash and found the testimony of defendant LaRosa and his two witnesses to be well rehearsed. He then declared all three to be in direct contempt of court for committing perjury.

■ Any conduct which is calculated to embarrass, hinder or obstruct the court in its administration of justice or lessen its authority or dignity is criminal contempt. (*People v. L.A.S.* (1986), 111 Ill. 2d 539, 543.) Contempt may be direct or indirect; direct contempts are those committed in open court. See *People v. Howarth* (1953), 415 Ill. 499.

■ ■ In order for a court to declare a direct criminal contempt for false swearing, the court must have personal knowledge of the falsity. (See *People v. Randall* (1980), 89 Ill. App. 3d 406.) Falsity of the testimony must appear beyond a reasonable doubt from the defendants' admissions in open court and from no other source. A court may not summarily punish a witness for contempt solely on the basis of the court's opinion that the witness is committing perjury. (See *People v. Javaras* (1972), 51 Ill. 2d 296.) When the trial court does not have such knowledge of the contempt, the alleged contemnor must be informed of the charges against him in writing, be given an opportunity to answer and afforded a hearing on the matter. (*People v. Javaras*, 51 Ill. 2d at 299-300.) In the case at bar, only the police officer testified that defendant LaRosa was the driver of the automobile. LaRosa and his two witnesses, Thomas and Larry LeGrand, all testified that Thomas was the vehicle driver and none of the three varied from this story. This testimony does not give the court personal knowledge and does not amount to a direct contempt. (*People v. Randall*, 89 Ill. App. 3d at 412.) The mere conflict in testimony is not sufficient to support the trial court's determination.

The order of direct criminal contempt is reversed.

Reversed.

LINN and JIGANTI, JJ., concur.