THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GARY KAEDING, Defendant (Terrence M. Spears, Contemnor-Appellant).

Second District No. 2—91—0470

Opinion filed January 14, 1993.

Terrence M. Spears, of Belvidere, appellant *pro se.*

Roger T. Russell, State's Attorney, of Belvidere (William L. Browers and Mary Beth Burns, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PER CURIAM: Contemnor, attorney Terrence M. Spears, appeals from two trial court orders finding him in direct criminal contempt. We affirm.

The record shows that Spears was representing Gary Kaeding in an indirect criminal contempt proceeding when he was found in contempt. On appeal, Spears' first argument appears to raise matters relating to this underlying proceeding. For the reasons which follow, we dismiss any arguments regarding that proceeding.

■ Absent authorization by statute or supreme court rule, a non-final order is not appealable since the reviewing court only has jurisdiction over final judgments. (*People v. Whigam* (1990), 202 Ill. App. 3d 252, 559 N.E.2d 896.) In the case at hand, the record fails to show that the trial court decided the merits of the prosecution against Gary Kaeding. Therefore, since no final order was entered against Kaeding, we lack jurisdiction to review any issues concerning the underlying proceeding.

Spears' second argument on appeal is that the trial court erred in finding him in direct criminal contempt for his actions in open court.

The record shows that during the underlying Kaeding proceeding, Judge John L. Moore stated that he would give Spears five days to file a motion for substitution of judge. Thereafter, the following exchange took place:

> "THE COURT: Also I am going to sua sponte enter an order ordering Mr. Kaeding to be examined by a psychiatrist of the

choice of the Court, because I do not know whether he is competent to stand trial.

MR. SPEARS: You cannot rule since there has been a Motion for Leave—

THE COURT: (Interrupting) I can; anybody can request a psychiatric examination. I am going to do that.

MR. SPEARS: I will be asking for one for you, Judge; have that on the record.

MR. SCHARF: Judge, I would ask he be found in contempt for that.

THE COURT: I am going to hold you in contempt, $500 fine.

MR. SPEARS: Praise God, praise the Lord Almighty God. May you—

MR. SCHARF: (Interrupting) I ask for jail.

MR. SPEARS: May you reap what you sow, Judge, by the good book.

THE COURT: You have 24 hours to pay the fine, or you are going to jail.

MR. SPEARS: Thank you, Judge.

MR. SCHARF: Thank you.

MR. SPEARS: See you there, Judge."

On appeal, we begin our discussion by noting that the main categories of contempt are indirect civil, direct civil, indirect criminal, and direct criminal. Because the procedures which must be followed in contempt cases vary according to the type of contempt involved, proper classification of the contempt charged is necessary before resolving the issues presented in this case.

■ The primary determinant of whether contempt proceedings are civil or criminal in nature is the purpose for which contempt sanctions are imposed. If contempt sanctions are imposed for coercive purposes, that is, to compel the contemnor to perform a particular act, the contempt is civil in nature. In such cases, the contemnor "holds the keys to his jail cell" and can purge himself of contempt by complying with the pertinent court order. See *In re Marriage of Logston* (1984), 103 Ill. 2d 266, 469 N.E.2d 167.

On the other hand, criminal contempt sanctions are imposed to punish past conduct. They are retrospective in nature and punish the contemnor for past acts which he cannot undo. *In re Marriage of Betts* (1990), 200 Ill. App. 3d 26, 558 N.E.2d 404.

In the case at hand, the record shows that Spears was fined $500 for his actions in court. This fine clearly was retrospective in nature

and meant to punish Spears for his conduct. As such, we find that Spears was properly found guilty of criminal contempt rather than civil contempt.

We must next determine if the trial court properly found Spears to be in direct contempt rather than indirect contempt.

Direct criminal contempt is contemptuous conduct occurring in the very presence of the judge, making all the elements of the offense matters within his own personal knowledge. Indirect contempt is contemptuous conduct which in whole or in an essential part occurred out of the presence of the court and which is dependent for its proof upon evidence of which the court had no judicial notice. *People v. L.A.S.* (1986), 111 Ill. 2d 539, 490 N.E.2d 1271.

Direct criminal contempt may be found and punished summarily without the usual procedural due process rights being followed. In contrast, indirect criminal contempt requires the usual due process rights of notice, opportunity to answer, and a hearing. *People v. Javaras* (1972), 51 Ill. 2d 296, 281 N.E.2d 670.

Here, Spears' conduct took place in the presence of the trial court. As such, the court properly found it to be direct contempt.

We now address the issue of whether Spears' conduct was contemptuous.

Criminal contempt is conduct which is calculated to embarrass, hinder, or obstruct a court in its administration of justice or derogate from its authority or dignity, thereby bringing the administration of law into disrepute. *People ex rel. Finck v. Locher* (1988), 172 Ill. App. 3d 706, 526 N.E.2d 935.

In the instant case, we find that Spears' comments were calculated to embarrass the court and to derogate from the court's authority and dignity. Accordingly, we hold that based on this conduct, the trial court's finding of direct criminal contempt was proper.

■ Spears next argues on appeal that the court erred in finding him in direct criminal contempt based on his filing of contemptuous documents with the court. Specifically, he contends that since the filing of contemptuous documents constituted indirect criminal contempt, he was entitled to notice and a hearing.

The record shows that following the court's first order of contempt, Spears filed a motion for reconsideration. This motion stated in relevant part the following:

> "4. That a statement to the effect that the Court should have a psychiatric examination ordered for itself was only made in reference to the following:

a. A judge, acting in a case with no jurisdiction over the defendant.

b. A judge, after walking off the bench and dismissing court stating to the defendant client of Attorney Spears that he was going to order a psychiatric examination of defendant without jurisdiction or probable cause.

c. A judge, threatening orders and making statements outside of jurisdiction after close of Court which are actionable claims against the judge in a Court of law for abuse of process and malicious prosecution.

d. A judge, threatening the defendant with institutional incarceration with out probable cause or findings of fact because the judge fears exposure of the skimming of fines from local state county court system and coverup of the death of a certain Rockford individual, Lee Desmuke by certain Winnebago County judges and Rockford police officers.

e. A judge, acting in the capacity of what appears to be the evil and wicked pattern or practice of incarcerating local individuals who are deemed 'trouble-makers' in privately owned insane asylums by the use of Court-appointed and paid such as Jack Fowler of Boone County and Ronald P. Bombliss of Lee County.

f. A judge, appointed by the Illinois Supreme Court as an 'axeman' without authority, without jurisdiction and without just cause in the above captioned cause.

g. A judge who, in his own words, believes 'Anyone can order anybody to have a psychiatric examination.' ''

This document was filed in the same case as the underlying Kaeding proceeding. In addition, it was directed at the same judge who presided over that proceeding. Based on these facts and the "insulting and scandalous" language of the motion, the court found Spears to be in direct criminal contempt and ordered that he be jailed for six months.

On appeal, the first question we must answer is whether the filing of contemptuous documents is either direct or indirect criminal contempt. Some cases have found that there is a subcategory of direct criminal contempt consisting of contemptuous acts not personally seen by a judge, but which take place in an integral part of the court. These acts can include the filing of a contemptuous document with the clerk of the court. *People ex rel. Kunce v. Hogan* (1977), 67 Ill. 2d 55, 364 N.E.2d 50.

We agree with the *Hogan* decision that the filing of contemptuous documents can constitute direct contempt. We find that the filing of documents before the judge who had presided over all of the other proceedings in the case is an act that takes place in an integral part of the court. As such, the court here properly held that Spears' conduct involved direct contempt.

At this point, we must clarify our decision in *People v. Kaeding* (1989), 192 Ill. App. 3d 660, 548 N.E.2d 1118. In *Kaeding*, we held that the filing of a document constituted indirect criminal contempt. Contrary to Spears' assertion, we did not hold that the filing of contemptuous documents was always a form of indirect contempt. Rather, we held that in the circumstances of that case it constituted indirect contempt.

In *Kaeding*, this court was faced with the issue of whether the filing of a civil lawsuit in Federal court against a State trial judge could be the basis for a direct contempt finding. We found that it could not. This conclusion was based on the fact that the State court, in order to find the defendant in contempt, would have had to take notice of matters outside of its own court.

In the case at hand, as stated above, the court was not required to take judicial notice of matters outside of its own court. Here, the document was filed before the same judge that found Spears to be in contempt for the comments he made in open court. The judge therefore personally had knowledge of all the elements necessary to find Spears in direct contempt. As such, we hold that the filing of documents can, depending on the facts of the case, be either indirect or direct criminal contempt.

We now address the question of whether the trial court properly found Spears to be in contempt.

We find that Spears' conduct was contemptuous. He filed a document with the court that was obviously calculated to derogate from the dignity of the court. Stating that the trial judge was an "axeman," was engaged in an "evil and wicked" pattern of incarcerating individuals, and was skimming fines for the court system was clearly conduct aimed at bringing the administration of law into disrepute.

In conclusion, we find that both findings of contempt were proper. In addition, since Spears only received six months of incarceration, he is not entitled to a hearing. See *In re Marriage of Betts* (1990), 200 Ill. App. 3d 26, 558 N.E.2d 404.

The judgment of the circuit court of Boone County is affirmed.

Affirmed.