THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DONALD J. RAMSELL, Defendant-Appellant.

Second District    No. 2—93—1159

Opinion filed September 27, 1994.

Terrence J. Wallace and Donald J. Ramsell, both of Ramsell & Associates, of Wheaton, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers, Robert J. Biderman, and James C. Majors, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE INGLIS delivered the opinion of the court:

Defendant, Donald J. Ramsell, appeals the order of the circuit court of Du Page County convicting him of indirect criminal contempt of court and sentencing him to six months' court supervision and 50 hours of *pro bono* legal work. Defendant contends that (1) his procedural due process rights were violated, and (2) he was not proven guilty beyond a reasonable doubt. We reverse.

On September 2, 1993, defendant was to appear before the trial court for a 9:30 a.m. hearing. Defendant failed to appear for this hearing, and on September 3, 1993, defendant was ordered to appear and show cause as to why he should not be held in contempt for his failure to appear. No petition, however, was filed to hold the defendant in contempt as is the recommended course of action in an indirect criminal contempt proceeding. At this hearing, defendant admitted that he had failed to appear on September 2, 1993. Defendant stated, however, that his failure to appear was not wilful, but merely inadvertent.

The court found defendant guilty of indirect criminal contempt for his failure to appear on September 2, 1993, and sentenced him to

six months' probation and 50 hours of *pro bono* legal work. On September 8, 1993, the defendant filed a motion to reconsider or for a new trial. The trial court denied this motion but modified the defendant's sentence to six months' court supervision instead of the six months of probation.

Direct contempt arises from acts committed in the court's presence. (*Cesena v. Du Page County* (1990), 201 Ill. App. 3d 96, 113, *rev'd on other grounds* (1991), 145 Ill. 2d 32.) Indirect contempt arises from acts that occur outside the presence of the court. Indirect contempt is dependent upon evidence of which the judge has no personal, judicial notice. *Cesena*, 201 Ill. App. 3d at 113.

In the case at bar, the trial court ordered defendant to appear on September 2, 1993, and defendant failed to appear. The court entered an order directing defendant to show cause why he should not be held in contempt. The allegations were not reduced to writing and no petition was filed.

The purpose of the hearing on September 3, 1993, was to determine the reason for the defendant's failure to appear the previous day. Thus, the resolution of defendant's failure to appear involved facts and circumstances existing outside the presence of the court, making any alleged contempt indirect. "[I]f the court is required to determine whether the conduct alleged was wilful, and in order to do so must consider extrinsic evidence as to matters not within its knowledge, the respondent must be given an opportunity to defend." *People v. Waldron* (1986), 114 Ill. 2d 295, 302.

■ An alleged contemnor in an indirect contempt proceeding is entitled to notice, a fair hearing, and an opportunity to be heard. (*Waldron*, 114 Ill. 2d at 303.) If, however, such indirect contempt is admitted in open court, it may be punished as direct contempt. *In re Estate of Melody* (1969), 42 Ill. 2d 451, 453.

No evidence was presented. The record does not contain any evidence that defendant's failure to appear was wilful; however, defendant did admit that he failed to appear before the court.

■ The cases cited by the State are distinguishable from the case at bar. In *Cesena*, the contemnor admitted that he was not going to adhere to a court order. (*Cesena*, 201 Ill. App. 3d 96.) In *Melody*, the contemnor was the instigator of a plan to admit into probate a spurious will, which plan was admitted by the contemnor. (*Melody*, 42 Ill. 2d at 453.) Finally, while the court in *People v. Boucher* (1989), 179 Ill. App. 3d 832, did note that indirect contempt may be summarily treated as direct contempt if the contemnor admits his contempt in open court, that court held that only wilful violations of a court order can constitute contempt. *Boucher*, 179 Ill. App. 3d at 835.

While defendant did admit that he had failed to appear before the court, he did not admit that his failure to appear was wilful. Therefore, his conduct cannot be summarily punished as direct contempt, and defendant must be afforded the procedural safeguards applicable to indirect criminal contempt proceedings. Upon consideration of this record, we conclude that the proceedings of the trial court did not afford defendant his requisite due process.

■ Indirect criminal contempt proceedings must generally conform to the same constitutionally mandated procedural requirements as other criminal proceedings. (*In re Marriage of Betts* (1990), 200 Ill. App. 3d 26, 58.) A person charged with indirect criminal contempt is entitled to (1) knowledge of the nature of the charges against him and to have such charges definitely and specifically set forth by citation or rule to show cause (*People v. Waldron* (1986), 114 Ill. 2d 295, 303); (2) the privilege against self-incrimination; (3) the presumption of innocence; and (4) the right to be proven guilty beyond a reasonable doubt. (*Betts*, 200 Ill. App. 3d at 58.) Additionally, a defendant has the right to counsel, the right to a public trial, the right to present witnesses in defense, and all other procedural requirements and rights applicable in criminal trials. (*Betts*, 200 Ill. App. 3d at 58.) Being given only an opportunity to testify on one's behalf falls short of satisfying these requirements. *People v. Pincham* (1976), 38 Ill. App. 3d 1043, 1046.

●4 The trial court erred in not affording defendant a trial-type hearing. The record shows that in the proceedings below defendant was not advised that he could present evidence, nor was he advised that he had the right to counsel, the right to a public trial, or the right to be proven guilty beyond a reasonable doubt. The proceedings were conducted on an informal basis. No evidence was presented by the State. The record indicates that defendant was not given an opportunity to present any evidence, other than his own statement. For all practical purposes, the proceeding consisted solely of accusatory cross-examination of defendant by the trial court.

The State argues that the alleged errors were either waived or harmless because defendant is an experienced attorney and did not request the assistance of counsel. There can be no effective waiver of counsel, however, without the proper admonitions by the trial court. (*People v. Baker* (1983), 94 Ill. 2d 129, 137.) The trial court must ensure that a defendant is aware (1) of the purpose of the proceedings; (2) that he has rights of confrontation, cross-examination, and representation by counsel; and (3) of the minimum and maximum sentences which may be imposed. (*People v. Barker* (1975), 62 Ill. 2d 57, 59.) In the case at bar, the trial court's actions violated defendant's procedural due process rights and constituted reversible error.

Additionally, the trial court erred in requiring defendant to "show cause" why he should not be held in contempt. This amounts to an impermissible shifting of the burden of proof. (*In re Marriage of Cummings* (1991), 222 Ill. App. 3d 943, 949.) The burden is on the petitioner to prove defendant's guilt beyond a reasonable doubt. Requiring defendant to show cause in an indirect criminal contempt case constitutes reversible error.

The trial court erred by failing to recite that defendant had been found guilty of indirect criminal contempt beyond a reasonable doubt. When a contemnor has been found guilty of indirect criminal contempt, the court must recite that the contemnor was found guilty beyond a reasonable doubt. (*Cummings*, 222 Ill. App. 3d at 949.) The trial court merely found the defendant guilty and failed to recite that the defendant had been found guilty beyond a reasonable doubt. While such a requirement is not necessary in all cases, here, as it is not apparent from the record that defendant was found guilty beyond a reasonable doubt, the court's omission constituted reversible error.

Lastly, the trial court failed to adhere to the requirements for an order of adjudication of indirect criminal contempt. An adjudication of criminal contempt must (1) be in writing; (2) set forth the grounds upon which the contempt is based; (3) contain not merely opinions or conclusions of the trial court, but facts showing the basis of the contempt; and (4) contain an adjudication of contempt and the sanctions imposed. See *People v. Loughran* (1954), 2 Ill. 2d 258 (holding that, as accused has a right to appeal, it is necessary that there be a record for a reviewing court).

Here, the trial court summarily stated that defendant was guilty of indirect criminal contempt. The order stated no facts which could lead a reviewing court to conclude that the trial court correctly held that defendant was in contempt of the court. Thus, the trial court's failure to state its rationale for the adjudication of contempt was reversible error.

For the reasons stated, the order finding defendant guilty of indirect criminal contempt is reversed.

Reversed.

WOODWARD and QUETSCH, JJ., concur.