*In re* CARRINGTON H., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. Carrington H., Respondent-Appellant).

Second District   No. 2—03—0979

Opinion filed June 16, 2005.

G. Joseph Weller and Darren E. Miller, both of State Appellate Defender's Office, of Elgin, for appellant.

Joseph E. Birkett, State's Attorney, of Wheaton (Martin P. Moltz and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GROMETER delivered the opinion of the court:

Respondent, Carrington H., appeals an order of the circuit court of Du Page County assessing "costs" for his failure to timely appear at trial. On appeal, respondent argues that, in the absence of a conviction, the court was without authority to assess these "costs." Respondent also argues that the "costs" cannot be justified as a sanction for direct or indirect criminal contempt. We reverse.

Respondent was charged by delinquency petition with one count of disorderly conduct (720 ILCS 5/26—1(a)(1) (West 2000)). Respondent was scheduled to appear for trial at 9 a.m. on April 11, 2003. At 10:04 a.m. on the scheduled trial date, the court observed that while the State, the State's witnesses, and respondent's attorney were present, respondent had yet to arrive. The State informed the court that its witnesses had come from Michigan and that they had incurred expenses of $194 for travel and meals. Counsel for respondent told the court that respondent's cousin spoke to respondent's mother at 9:15 a.m. At that time, the mother indicated that she and respondent were leaving for court. Counsel for respondent also told the court that a subsequent call to respondent's mother went unanswered. The court then asked the State if it was asking the court to "impose costs *** against Carrington." The State responded in the affirmative. The court then "set costs in the amount of $194.00 as a term and condition of whatever happens in this case." The court also told the out-of-state witnesses that it wanted to ensure that they were "reimbursed for [their] costs coming down here at minimum." Counsel for respondent objected to the imposition of "costs," on the basis that respondent was en route to the courthouse. The court stood by its ruling and released the witnesses. The court recalled the matter at 10:40 a.m., with respondent present. At that time, the court told respondent that it was "imposing costs" of $194 against him because the witnesses, who traveled from out of state to appear in court, were inconvenienced. The court also informed respondent that his file would not close until the "costs" were paid. In its written order, entered April 11, 2003, the court set "the sum of $194.00 *** as a cost of reasonable expenses for food and mileage."

On May 23, 2003, respondent filed a motion to vacate the order for costs. In the motion, respondent argued that because a conviction is a prerequisite for the imposition of costs (725 ILCS 5/124A—5 (West 2002)), the April 11, 2003, order must be vacated. On May 28, 2003, the trial court denied respondent's motion, on the basis that the April 11, 2003, order was "not an award of costs" but a "sanction for noncompliance with the court order." The court also stated that respondent offered "no good reason why [he] was late that morning."

On July 29, 2003, respondent filed a second motion to vacate the April 11, 2003, order. In this motion, respondent argued that the court could not have imposed the "sanction" for direct criminal contempt because his late appearance was not willful and it occurred out of the presence of the court. Moreover, respondent asserted that the court could not have imposed the "sanction" for indirect criminal contempt because he was not afforded the procedural safeguards applicable to proceedings for indirect criminal contempt, *i.e.*, notice and an opportunity to be heard.

On August 22, 2003, the trial court granted the State's motion to withdraw the delinquency petition filed against respondent. In addition, the court denied respondent's second motion to vacate, stating, "I believe the Court always has it in its authority the ability to award costs if the Court feels that they are appropriate." Respondent filed a notice of appeal on September 3, 2003.

On appeal, respondent argues that, in the absence of a conviction, the trial court was without authority to assess "costs" against him. We agree. Section 124A—5 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/124A—5 (West 2002)) provides that "[w]hen a person is convicted of an offense under a statute, or at common law, the court shall enter judgment that the offender pay the costs of the prosecution." In this case, respondent was never convicted of an offense under a statute or at common law. In fact, the State ultimately withdrew the delinquency petition. Accordingly, the court was without authority to assess costs of the prosecution against him. *People v. Fales*, 247 Ill. App. 3d 681, 682 (1993) (holding that a court order for costs must be vacated when there is no underlying conviction upon which the assessment may rest).

Respondent also asserts that the "costs" assessed against him cannot be justified as a sanction for criminal contempt. Criminal contempt is conduct that is calculated to embarrass or obstruct a court in the administration of justice or lessen the court's authority or dignity. *In re Marriage of Slingerland*, 347 Ill. App. 3d 707, 710 (2004). Before citing an individual with criminal contempt, the court must find that the contemptuous conduct was willful. *Slingerland*, 347 Ill. App. 3d at 710. Criminal contempt of court can be classified as either direct or indirect. *People v. L.A.S.*, 111 Ill. 2d 539, 543 (1986). Indirect contempt arises from conduct that occurred outside of the presence of the court. *Slingerland*, 347 Ill. App. 3d at 711. Direct contempt arises from conduct that occurred in the court's presence (*People v. Ramsell*, 266 Ill. App. 3d 297, 299 (1994)) or conduct committed outside the court's presence but admitted in open court (*In re Marriage of Marshall*, 278 Ill. App. 3d 1071, 1081 (1996)). A trial court can punish

direct contempt summarily because all elements are within the court's immediate knowledge. *L.A.S.*, 111 Ill. 2d at 543. In contrast, because a finding of indirect contempt requires proof of matters outside the immediate knowledge of the court, the alleged contemnor is entitled to notice, an opportunity to answer, and a hearing. *L.A.S.*, 111 Ill. 2d at 543-44; *Slingerland*, 347 Ill. App. 3d at 711.

In this case, although the fact of respondent's tardiness was immediately before the court, whether it was willful was not. See *L.A.S.*, 111 Ill. 2d at 544 (noting that minor's absence from court proceeding, standing alone, was insufficient to establish willfulness). When respondent eventually appeared in court on April 11, 2003, he neither explained nor did the court inquire as to the reason for respondent's lack of punctuality.

The State insists, however, that respondent made an admission in his motion to vacate that justifies a finding of direct criminal contempt. In support of this position, the State relies on this court's decision in *Slingerland*, 347 Ill. App. 3d 707. In that case, the petitioner, a party in a divorce proceeding and an attorney, engaged in disruptive courtroom behavior and failed to return to court following a short recess. On a subsequent date, the court found the petitioner in direct criminal contempt of court for her behavior at the earlier hearing. Prior to sentencing the petitioner, the court asked her why she had left the hearing. The petitioner responded that she was upset and stated her belief that the hearing had been unfair. On appeal, the petitioner asserted that her behavior constituted, at most, indirect criminal contempt. We disagreed, noting that the petitioner's disruptive courtroom behavior was sufficient to support a finding of direct criminal contempt. *Slingerland*, 347 Ill. App. 3d at 711-12. We also determined that even if the court's finding was based solely on the petitioner's failure to return to the hearing after the recess, her conduct was punishable as direct criminal contempt because she admitted during the sentencing hearing that she had left because she was upset and thought that the proceeding was unfair. *Slingerland*, 347 Ill. App. 3d at 712.

Unlike *Slingerland*, in which the petitioner stated in open court why she did not return to court following the recess, respondent never admitted in open court that his late arrival was willful. See Black's Law Dictionary 1118 (7th ed. 1999) (defining the term "open court" to mean "court that is in session, presided over by a judge, attended by the parties and their attorneys, and engaged in judicial business"). But see *People v. Minor*, 281 Ill. App. 3d 568, 573 (1996) (holding that the contemnor was in direct contempt of court for filing false documents with the court clerk since clerk is an integral part of the court).

More importantly, respondent never admitted in his motion to vacate that his tardiness was willful. In its brief, the language that the State cites from the motion is merely a statement of facts in which respondent acknowledges that his case was set for trial at 9 a.m. on April 11, 2003, that a cousin spoke to respondent's mother, who indicated that they were leaving for court, and that respondent's attorney's call to respondent's mother was not answered. See *Ramsell*, 266 Ill. App. 3d at 300 (noting that where the defendant admitted that he failed to appear before the court, but did not admit that his failure was willful, there was insufficient evidence to support a finding of direct criminal contempt). Because the trial court did not know the reason for respondent's late arrival, either through its own personal knowledge or through an admission made in open court, there is insufficient evidence to support a finding of direct criminal contempt. In addition, respondent could not have been held in indirect criminal contempt because the procedural safeguards for such a finding were not satisfied. See *Ramsell*, 266 Ill. App. 3d at 299 (holding that an alleged contemnor in an indirect contempt proceeding is entitled to notice, a fair hearing, and an opportunity to be heard).

For the aforementioned reasons, we reverse the order of the circuit court of Du Page County assessing costs of $194 against respondent.

Reversed.

O'MALLEY, P.J., and McLAREN, J., concur.